say that the judgment of conviction is so manifestly against the evidence as to justify a reversal.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.

---

ROGERS ET AL., TAXPAYERS, *v.* THE CITY OF CINCINNATI ET AL.

*Municipal corporations — Powers and duties of officers — Resolution not a contract, when — Officers not estopped, when.*

1. A resolution adopted by a public board and published in the newspapers for the purpose of inducing a favorable vote at an election authorizing a bond issue, does not constitute a contract after the approval of the bond issue by the electors, and such board is not bound to conduct its affairs in conformity with such resolution, since powers granted by statute to an administrative board can not be abridged by such board.

2. Before estoppel lies as against a municipal corporation or public board, the public body must have received some benefit or the plaintiff incurred some detriment in reliance upon a contract executed under apparent power.

(Decided December 30, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Powel Crosley; Mr. John C. Rogers* and *Mr. Eli G. Frankenstein,* for plaintiffs.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Frederick S. Spiegel,* attorney for the board of rapid transit commissioners, for defendants.

SHOHL, J. This is a taxpayers' case and was heard on appeal. The plaintiffs seek to enjoin the

sale of $80,000 of bonds, the proceeds of which are about to be expended for preliminary work in getting ready for "the loop," the rapid transit system provided in accordance with the Bauer law, 106 Ohio Laws, 286. At the conclusion of the opening statements of counsel, defendants moved for judgment.

The petition contains numerous conclusions of law. It shows, however, that proper legislation had been had to authorize the issuance of $6,000,000 in bonds for the purpose of constructing the rapid transit system. A fund of $100,000, previously raised, has been expended, and the Rapid Transit Commission can not proceed with its work if plaintiffs prevail in this suit.

It is alleged that prior to the election at which the $6,000,000 bond issue was approved by the voters, the commission, for the purpose of inducing a favorable vote at the election, adopted the following resolution:

"Whereas, the question of issuing bonds in the sum of $6,000,000.00 for the purpose of building the proposed interurban entrance and rapid transit system, in the City of Cincinnati, will be submitted to the citizens for their approval, April 25, 1916, and,

"Whereas, the question of the method of operating the system is of vital importance, and,

"Whereas, no definite action in reference to operating said system can be taken unless the plan of operation is first submitted to the vote of the people for their approval or disapproval;

"Therefore, be it resolved that no part of the $6,000,000.00 bond issue will be expended until

the plan of operation is definitely determined and approved."

This was published in the daily newspapers and made known to the citizens prior to the election. It is contended that this amounted to a binding pledge not to proceed except in accordance with the resolution, and estopped the commission from making any expenditure until the plan of operation had been approved by the vote of the people.

Reference has been made in argument to the plan contained in the ordinance, providing for a lease to the traction companies, which was approved by the people but not sustained by the supreme court, in order to show that the defendants made an attempt to carry out their pledge in good faith. We need not determine the power of this court to take judicial notice of such matters in view of our conclusions as to the effect of the resolution.

In all of the cases cited as authority by the plaintiffs, where municipal corporations were estopped, the public body had either received some benefit or the plaintiff had incurred some detriment in reliance upon a contract that a municipal corporation had apparent power to make. *Mt. Vernon* v. *State, ex rel.,* 71 Ohio St., 428; *Cleve. Term. & Val. Rd. Co.* v. *State, ex rel.,* 85 Ohio St., 251; *Mill Creek Valley St. Ry. Co.* v. *Carthage,* 9 C. D., 833, 840, and *Raynolds* v. *Cleveland,* 8 C. C., N. S., 278.

The facts in the case at bar show that the commission made declarations analogous to those contained in political platforms, and for a similar purpose. History shows that these pledges are not

redeemable at their face value. The resolution of the commission is not a contract, nor is it the construction of any provisions of a contract.

The board was without power to make such a contract, and any attempt to do so would be void. Where a public body is without power to make a contract there can be no estoppel. *Mt. Vernon* v. *State*, 71 Ohio St., 428, 448, and 2 Dillon on Municipal Corporations (5 ed.), Sections 791, 792.

The powers and duties of the board are fixed by statute. They owe an obligation to exercise these powers, and to construct the rapid transit system, and thereafter to control and operate it. They have a further right and duty to control the expenditure of all moneys used for the rapid transit property. The powers so granted to the commission are not to be abridged by them.

In the case of *Railroad Company* v. *Defiance,* 52 Ohio St., 262, at page 306, the court says:

"It seems well settled, that the legislative and administrative powers with which municipal corporations are invested, are held by them in trust, for public purposes, and can not be relinquished, or their exercise surrendered, or ceded away, except when, and to the extent, legislative authority is clearly given to do so."

The doctrine is well known. (Dillon on Municipal Corporations, Section 792; also Section 245.) The commission was therefore clearly unable to bind its own hands or hamper or embarrass its use of its powers in the future. It could not disable itself from exercising its discretion to proceed with further preliminary work that might become necessary to the direction of the enterprise.

Nor could it divest itself of the incidental and necessary right to spend money for such purposes.

Judgment will be granted in favor of the defendants.

*Judgment for defendants.*

JONES, P. J., and HAMILTON, J., concur.