THE STATE, EX REL. CLARKE ET AL., *v.* THE BOARD OF EDUCATION OF JEFFERSON TOWNSHIP RURAL SCHOOL DISTRICT OF CLINTON COUNTY.

*Schools — Board of education — Control of discretion by courts — Selection of site for building — Authority of board to change proposed site — Effect of resolution designating site.*

1. Section 7620, General Code, vests in boards of education the power to select school sites; and in the absence of abuse of discretion, fraud, or collusion, the exercise of such power will not be interfered with by a reviewing court.
2. The recital in a resolution of a board of education of a rural school district that a certain village was the most suitable locality for a school site, and the representations made by such board at the time a bond issue was submitted to the electors, can not limit the power of such board to later exercise its discretion .and change the* location of the site to meet the then needs of the school 'district.

(Decided May 26, 1919.)

ERROR: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith,* for plaintiff in error.

*Mr. E. J. West* and *Mr. G. P. Thorpe,* for defendant in error.

SHOHL, P. J.   The relators filed an action praying for a writ of mandamus commanding the board of education to proceed at once to enter into a contract for the erection and construction of a schoolhouse at Westboro, for centralizing there the schools of said township rural district, and further praying that the board be enjoined from constructing the schoolhouse at any other point.   A demurrer to the petition having been sustained, and judgment entered dismissing the petition, the relators prosecute error to this court.

The petition alleges that in 1915 an election was held in Jefferson township, Clinton county, resulting in a majority vote in favor of centralizing the schools of the township district at Westboro, the Westboro Rural School District having previously been dissolved and made part of the Jefferson Township Rural School District.

Thereafter, the board of education duly determined that it was necessary to build, furnish and equip a new house for the centralized schools of said district.   And it was the sense of the board that the most suitable, practical and desirable location for said building was in the village of Westboro.

The board then authorized a bond issue of $36,000, which was approved at an election which was held for that purpose in accordance with Section 7625, General Code.   It is charged that the board then formed a plan and conspiracy to defeat

the wishes and desires of the electors and tax-payers and arbitrarily refused to proceed with the erection of the building.

In August 1916 the board employed architects to prepare drawings, specifications and details for a schoolhouse to be erected at Westboro. Thereafter, one of the members of the board moved from the district, and, the remaining members being unable to agree upon his successor, the county commissioners of Clinton county appointed his successor. The board as then constituted "conspired" with the Board of Education of Midland City Village School District and the County Board of Education, and in October 1916 the County Board of Education transferred the Midland district in its entirety to the Jefferson Township (Rural School) District, and thereby destroyed the Jefferson township district as centralized. The present township school district now uses as an excuse these facts and the claim that the necessities of the present situation require a different location for the new building. It plans to build elsewhere than at Westboro, which is the most suitable location.

Relators charge that the various acts are part of a conspiracy to perpetrate a fraud on the electors and are done arbitrarily and without justification or reason therefor.

It is plain from the foregoing that there is a radical difference of opinion between the relators and the members of the board of education. The court can not control the discretion vested in the board of education, nor substitute its judgment for that of the board upon any question it is authorized by law to determine. In the absence of abuse of

discretion or fraud or collusion, the court will not restrain the board from carrying into effect its determination of any question within its discretion. *Brannon et al.* v. *Board of Education of Tiro Consolidated School District of Crawford County et al.,* 99 Ohio St., 369; *Pugh Printing Co.* v. *Yeatman et al.,* 22 C. C., 584, and *Commissioners of Wood County et al.* v. *Pargillis,* 10 C. C., 376.

The allegations of conspiracy and fraud are mere epithets and are not averments of issuable facts. Denunciation of the motives and actions of the members of the board may show the opinion or conclusion of the pleader, but it is of no legal significance on the question of validity. (*State, ex rel. Attorney-General,* v. *Ironton Gas Co.,* 37 Ohio St., 45, 49.) No illegal act was done and no illegal purpose shown.

The board owed a duty to exercise its discretion and use its best judgment with due regard to the peculiar circumstances, wants, and interests of the district. (*State, ex rel. Garnes,* v. *McCann et al.,* 21 Ohio St., 198, 201.) It should consider the conditions and circumstances at the time of the action, and the protest or wishes of the people will not control. *State, ex rel. Haines,* v. *Board of Education,* 1 C. C., N. S., 486, and *Board of Education* v. *Shaul et al.,* 4 N. P., N. S., 433, 443, 444.

Neither the resolution that it was the sense of the board that the most suitable location was at Westboro, nor representations made at the time the bond issue was authorized, can limit the power of that body to exercise its discretion. *Rogers et al.* v. *City of Cincinnati et al.,* 10 Ohio App., 238.

We need not consider the power of the board to reconsider its action in fixing a site, but we have not overlooked the reference to that in the case of *State, ex rel. Haines,* v. *Board of Education of Chester Township, etc., supra.*

At the time of the action adjudicated in *Moss* v. *Board of Education,* 58 Ohio St., 354, cited by plaintiff in error, Sections 3941 and 3941*a,* Revised Statutes, now repealed, made it the duty of the board to purchase the site designated by the commission appointed by the probate judge. The General Code now vests in the board the power to select the site. (Section 7620, General Code, and *State, ex rel. Haines,* v. *Board, supra.*) Furthermore, the designation of "Westboro" did not constitute the fixing of a site in the absence of the exact designation of the lot or land.

The facts shown by the petition did not render the duties of the board ministerial. The final determination of the location of the school building is still within the discretion of the defendants.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.