KRIEG ET AL., APPELLANTS, *v.* CITY OF SPRINGFIELD ET AL., APPELLEES.

(No. 488—Decided May 31, 1952.)

*Messrs. McGrew & Laybourne,* for appellants.
*Mr. Richard C. Cole,* for appellees.

*Per Curiam.* This is an appeal on questions of law and fact from the Common Pleas Court of Clark County, which refused to enjoin the defendants from taking further proceedings under a bond issue passed

by the voters of the city of Springfield in November 1945, which provided for the elimination of two grade crossings.

The bond issue was in the amount of $836,000, which was intended to provide the necessary proceeds to pay for the elimination of the grade crossings of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company on East Main street and on North Limestone street, in the city of Springfield. The proposal approved by the voters did not provide for a separate allocation of funds to be expended for the two separate contemplated improvements.

It is now proposed to expend $675,000, less deductions for engineering costs, the maximum amount of deductions being $88,000, for the elimination of the grade crossing on East Main street. The record shows that the balance of the fund will be inadequate to effect an elimination of the grade crossing on North Limestone street, inasmuch as the state of Ohio and the federal Government have not indicated willingness to bear any portion of the expense of the latter contemplated improvement. In the elimination of the grade crossing on East Main street, which is United States route 40, the state of Ohio, the federal Government and the railway company join in paying the cost of the improvement.

The fact that the balance of the proceeds derived from the bond issue will be insufficient to pay the costs of the contemplated improvement on North Limestone street does not affect the validity of the allocation of $675,000 as the share of the expense to be paid by the city of Springfield for the elimination of the grade crossing on East Main street.

It lies within the sound discretion of the legislative body of the city of Springfield to decide whether to proceed with one of the projects, even though there

would be insufficient funds to proceed with the other project. The action of the legislative body of the city of Springfield is not subject to the control of the courts, in the absence of an abuse of discretion, fraud or collusion. *State, ex rel. Van Harlingen,* v. *Board of Edn. of Mad River Twp.,* 104 Ohio St., 360, 136 N. E., 196; *State, ex rel. Clarke,* v. *Board of Edn. of Jefferson Twp.,* 11 Ohio App., 146, 148. We find no abuse of discretion, and there is no charge of fraud or collusion.

The principal issue presented is one of fact. Is the proposed improvement a grade-crossing elimination project as specifically set forth in the proposal approved by the voters? The pertinent part of the ballot is as follows:

"Shall bonds be issued by the city of Springfield, Ohio, for the purpose of raising funds to pay the portion of the cost payable by the city of Springfield, Ohio, of eliminating grade crossings of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company at East Main street and on North Limestone street, in the city of Springfield, Ohio, in the sum of eight hundred and thirty six thousand and no/100 dollars ($836,000)."

Plaintiff alleges that he is the owner of real estate on East Main street, city of Springfield, Ohio; that he is a citizen and taxpayer in such city; and that he brings this action on behalf of himself and all other taxpayers similarily situated. Plaintiff claims that prior to the election at which the bond issue was approved there was in existence in the office of Mr. Lucas, the city engineer and acting city manager, certain plans which showed that the elimination of the grade crossing on East Main street was to be effected by constructing an underpass; and that the voters generally understood that this was the character of the improvement to be made. Plaintiff alleges fur-

ther that the improvement now planned does not provide for an underpass, but consists of an improvement whereby the grade crossing on East Main street will be blocked and the traffic through Springfield will be diverted from East Main street from a point approximately three squares east of the grade crossing. The new construction extends for a distance of several squares and will curve to the north and join Columbia and North streets. The new highway will cross the railway right of way approximately two squares north of the present East Main street crossing, and will be constructed as an overhead. The entire project contemplates an improvement of route 40 from the west corporation line to the east corporation line of the city of Springfield. However, the project is divided into four parts. Part three embraces that segment of the entire project which affects directly the grade elimination of East Main street. The $675,000 to be paid by the city of Springfield as its share of the cost of improvement is to be expended only on that part of the project designated as part three.

A grade elimination may be accomplished by the construction of an ''underpass,'' an ''overhead,'' or a ''bypass.'' The proposed improvement is essentially a ''bypass.'' The nature of the improvement was not incorporated in the proposal submitted to the voters. No definite plans were agreed upon at that time. Several interested citizens of Springfield did examine plans which had been drawn by the state highway department several years prior thereto, which were on file in the office of Mr. Lucas and showed the elimination of the grade crossing on East Main street by the construction of an underpass. The evidence indicates that several persons were led to make certain unauthorized statements to the effect that if the bond issue carried an underpass would be constructed. The

evidence does not show that any person in authority definitely stated that an underpass would be constructed. Even if some person in authority had given a definite commitment to that effect, it would not be binding on the legislative body of the city of Springfield. There is case law in Ohio to the effect that even though a definite commitment has been made, nevertheless, the proper authorities may alter the plan in the exercise of a sound discretion. See *Village of Sheffield Lake* v. *Holley,* 152 Ohio St., 374, 89 N. E. (2d), 474; *State, ex rel. Van Harlingen,* v. *Board of Edn. of Mad River Twp., supra;* *Rogers* v. *City of Cincinnati,* 10 Ohio App., 238; *State, ex rel. Clarke,* v. *Board of Edn. of Jefferson Twp., supra.*

In our opinion, the plaintiff has failed to sustain the burden by the proper degree of proof.

In all street and highway improvements of major proportions, certain property owners will suffer some inconvenience. If the elimination of the grade crossing on East Main street were to be accomplished by constructing either an underpass or an overhead, a number of the side streets intersecting East Main street would be blocked. True, traffic would continue to flow on East Main street which is a narrow street and greatly congested. These two plans have been rejected as economically unsound. The improvement as contemplated not only eliminates the grade crossing on East Main street, but also diverts the traffic on route 40 to two other through streets, which will relieve the congestion in the down town area of the city of Springfield. Traffic will continue to flow from and into the intersecting streets with East Main street as before. However, the principal issue in this case is whether the contemplated improvement falls within the terms of the proposal submitted to the voters and whether the proceeds of the bonds are to be applied to the same or a different purpose.

In our opinion, the preponderance of the evidence supports the contention of the defendants that no person in a position of authority stated verbally or in writing that the improvement on East Main street would be by way of an underpass; that statements made by a certain person to that effect were unauthorized and not based on the definite acceptance of this particular plan; that at that time the proper authorities had not agreed upon a definite plan; that the newspaper publicity did not mention the manner in which the grade crossing was to be eliminated; that the grade crossing on East Main street will be eliminated; and that the contemplated improvement does not vary sufficiently from the proposal approved by the voters to justify the relief prayed for.

In our opinion, the second defense interposed by the defendants, which is *res judicata*, is not supported.

Judgment will be entered for the defendants. The costs will be assessed against the plaintiff.

*Judgment for defendants.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.