MARGINEAN, ESTATE OF, IN RE: IN RE VINTILLA, APPELLANT, *v.* DOBREA, APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25565.   Decided July 13, 1961.

*Mr. John R. Vintilla, in propria persona,* for appellant.
*Mr. John J. Sibisan,* for appellee.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and Mc-CLINTOCK, J., of the Fifth District, sitting by designation in the Eighth District.)

HUNSICKER, J. This is an appeal on questions of law from a judgment of the Probate Court of Cuyahoga County, Ohio, wherein a petition, to vacate a previous judgment of that court, was dismissed.

One Nicolae Marginean, a citizen of Bedford, Cuyahoga

County, Ohio, died testate. The will provided for complete distribution of this estate. The application to probate the will, filed on January 25, 1958, contained a statement that the decedent had no surviving spouse. Thereafter, on August 22, 1958, a petition to determine heirship in the matter was filed.

On October 17, 1958, one Raveca Marginean, a citizen of Roumania, filed an application stating she was the widow of the decedent, and requested, by such application, time to make her election as the widow of Nicolae Marginean.

On October 30, 1858, Raveca Marginean, after application to be made a party to the action to determine heirship, filed her answer in that action, alleging that she was the widow of the decedent and requested the court to so find.

On January 15, 1959, a hearing was had and a judgment· then entered declaring that Raveca Marginean was not the surviving spouse of Nicolae Marginean. No appeal was taken from that order.

On September 1, 1960, the appellant, John R. Vintilla, as attorney in fact for Raveca Marginean, filed a petition in the Probate Court to set aside all proceedings held in the probate of the estate of Nicolae Marginean, deceased, to vacate the judgment entered in the action to determine heirship, to hold for naught all orders entered in these probate proceedings, and to remove the executor.

The petition alleged that the executor of the estate, as a fiduciary, falsely, wilfully and fraudulently withheld from the court the information that Raveca Marginean was the surviving spouse of the decedent, Nicolae Marginean, and that such executor failed to protect her interest in the probate proceedings.

A demurrer to this petition was sustained, and an amended petition, bearing substantially identical allegations, was filed. A motion to strike this amended petition from the files was presented to the trial court, which considered such motion as a demurrer and sustained the application so made.

John Vintilla did not desire to plead further, the amended petition was dismissed, and an appeal was lodged in this court.

There are two assignments of error; one with reference to the order of dismissal of the amended petition, and the second complaining of a refusal to require the attorney who repre-

sented Raveca Marginean at the heirship hearing to testify at a deposition hearing.

There is no prejudicial error demonstrated in the matter. of the order denying examination of the attorney for Raveca Marginean. The question propounded to the attorney did not, in and of itself, raise the issue of privilege, but it was apparent that interrogation on privileged matters was in contemplation by Mr. Vintilla, and hence the refusal to answer the question as to whether Mr. Hertz, the former counsel of Roveca Marginean, did represent her, could not be prejudicial.

The claim that the amended petition states a good cause of action because it alleges fraud as a ground to vacate the previous judgment, with reference to the status of Raveca Marginean, is equally without merit. The amended petition, while stating fraud, does not set forth the facts upon which such claim is based. An allegation of fraud is a conclusion of law and must be based upon facts from which such conclusion logically follows. *Williams et al., v. First Presbyterian Society, etc.,* 1 Ohio St., 478, *State, ex rel. etc., v. Ironton Gas Co.,* 37 Ohio St., 45, *State, ex rel. Clarke et al., v. Bd. of Education, etc.,* 11 Ohio App., 146.

It is claimed that the demurrer admitted all claims of the amended petition.

The office of a demurrer is not, and never has been, used to create allegations or admissions of fact in pleadings. It is not an acknowledgment of facts; it merely denies the legal sufficiency of the facts alleged. A demurrer impliedly admits allegations in a pleading for the sole purpose of testing their sufficiency in law and for no other purpose. *Seibert, Recr., v. Herring,* 121 Ohio St., 181, at p. 185.

The trial court committed no error in sustaining the demurrer to the amended petition. The appellant seeks to do by indirection that which he cannot do directly. The time to appeal the judgment declaring that Raveca Marginean is not the widow and surviving spouse of the deceased has long since passed. Raveca Marginean now wants to again claim that she is the surviving spouse by a motion to vacate all proceedings taken in the probate of the will and matters arising therein. This she cannot do.

318

We find no error prejudicial to the substantial rights of the appellant in this case, and the judgment must be affirmed.
Judgment affirmed.

DOYLE, P. J., and McCLINTOCK, J., concur.