JOURNAL ENTRY AND OPINION
{¶ 1} These are two appeals consolidated for purposes of oral argument and disposition. In App. No. 89563, plaintiff-appellant, BMV Mechanical, Inc., appeals the trial court's decision to vacate the judgment against defendant-appellee, William Desvari. In App. No. 90059, defendant-appellant, William Desvari, appeals the trial court's denial to vacate the judgment in favor of plaintiff-appellee, Mystery Productions, Inc. For the reasons stated below, we reverse the trial court's vacation of judgment in App. No. 89563 and affirm the trial court's denial of vacation of judgment in App. No. 90059.
 {¶ 2} Both appeals arise out of the same operative facts. Mystery Productions, Inc. ("Mystery") entered into contracts with Desvar Company, Inc. ("Desvar Co.") as a contractor for the installation and completion of electrical and plumbing work at a night club. William Desvari ("Desvari") was president of said corporation at all times relevant to this matter. Desvar Co. hired BMV Mechanical ("BMV") as a subcontractor for the plumbing work. BMV performed the plumbing work pursuant to the contract, as well as extra work as directly requested by Mystery and Michael Oker, an officer and director of Mystery, including installing a fire suppression system.
 {¶ 3} Mystery paid Desvar Co. and Desvari the amount of the plumbing contract. However, Desvar Co. and Desvari only paid BMV a portion of the contracted amount. Additionally, Mystery failed to pay BMV for the additional work *Page 5 
performed that was not included in the original contract. BMV's claim against Mystery for this work has been resolved in the lower court. As a result of Desvari Co. and Desvari's failure to pay BMV, both Mystery and BMV instituted actions against Desvar Co. and Desvari, individually.
 {¶ 4} The pertinent procedural facts concerning App. No. 89563 are as follows. On June 18, 2003, BMV instituted an action against Mystery, Desvar Co. and William Desvari, individually, seeking payment for plumbing work performed at the premises of Mystery. Desvar Co. and Desvari failed to answer the complaint. Accordingly, the trial court awarded default judgment in favor of BMV and against Desvar Co. on March 10, 2004. Thereafter, the court dismissed with prejudice BMV's claim against Michael Oker and dismissed without prejudice, its claims against Mystery.
 {¶ 5} After BMV sought execution of the judgment against Desvar Co. and Desvari, it was discovered that the court inadvertently omitted Desvari from the default judgment entry. Accordingly, in a nunc pro tunc entry filed on September 14, 2006, the trial court included Desvari in the entry. On December 27, 2006, Desvari, on his own behalf only, filed a motion for relief from judgment and to stay execution. The trial court granted said motion on February 13, 2007 without opinion. BMV now appeals the vacation of judgment.
 {¶ 6} The relevant procedural facts of App. No. 90059 are as follows. On February 26, 2003, Mystery instituted an action against Desvar Co., Inc., and *Page 6 
Desvari, individually, seeking reimbursement for additional monies disbursed to BMV for labor and materials that Desvar Co. contracted to pay. Desvar Co. and Desvari both answered the complaint on June 6, 2003 and filed a counterclaim as well.
 {¶ 7} After Desvari and Desvar Co. failed to appear for trial, the trial court awarded default judgment against Desvar Co. in a judgment entry dated March 25, 2004 and dismissed Desvari and Desvar's Co.'s counterclaim for want of prosecution. The court later corrected that entry on May 26, 2004 to include Desvari, individually, in the default judgment. Subsequently, on May 31, 2007, Desvari, on his own behalf only, filed a motion for relief from judgment and to stay execution of judgment, which the trial court denied on June 18, 2007. Desvari now appeals the trial court's denial of his motion.
 {¶ 8} In the interests of convenience, we will address BMV's appeal first. In its appeal, BMV presents one assignment of error for our review. It's sole assignment of error states:
 {¶ 9} "The trial court erred in failing to overrule defendant's motion to vacate pursuant to Civ.R. 60(B)."
 {¶ 10} With regard to the motion to vacate, we note that this court reviews the award or denial of Civ.R. 60(B) motions in accordance with the abuse-of-discretion standard. Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, 117, 463 N.E.2d 417; Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214. An abuse of discretion implies more than an error of law or judgment; it *Page 7 
suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137,566 N.E.2d 1181; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} Civ.R. 60(B) provides in relevant part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.* * * ."
 {¶ 13} "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year *Page 8 
after the judgment, order or proceeding was entered or taken."G.T.E. Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, 150-151,351 N.E.2d 113. A court must overrule a motion to vacate where a movant fails to establish even one of the three requirements in theG.T.E. test. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 14} In Blasco v. Mislik (1982), 69 Ohio St.2d 684, 687-688,433 N.E.2d 612, the Supreme Court of Ohio identified the purpose of Civ.R. 60 as affording "relief in the interest of justice." The Court has also observed that any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits. Moore v. EmmanuelFamily Training Ctr, Inc. (1985), 18 Ohio St.3d 64, 67, 479 N.E.2d 879, fn. 1.
 {¶ 15} Within this assignment of error, BMV maintains the trial court abused its discretion in granting Desvari's motion for relief from judgment because Desvari failed to present any evidence to support the allegations contained in the motion. We agree.
 {¶ 16} In Desvari's motion, he argued he was entitled to relief because had counsel been hired, the court would never had granted the default judgment because a judgment against Desvari would have resulted in two awards of money against him for the same alleged debt. The law is clear, however, that a movant must present more than mere unsworn allegations to demonstrate the existence of *Page 9 
the G.T.E. requirements. East Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216, 220, 394 N.E.2d 348. "The allegations of operative facts must be by such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations or other sworn testimony." Earlie Wheeler v. Howard Jefferson, Jr. (Aug. 23, 1984), Cuyahoga App. No. 47813; East Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216, 394 N.E.2d 348. Absent such facts, the trial court abuses its discretion in granting the motion. Id.
 {¶ 17} In the instant matter, Desvari has failed to present any evidence, in the form of affidavits, written admissions, written stipulations, or other sworn testimony, to support his position that a default judgment results in him paying twice for the same debt. Accordingly, Desvari failed to establish he had a meritorious claim or defense and the trial court abused its discretion in vacating the default judgment against Desvari. BMV's assignment of error is sustained and the judgment of the trial court's granting Desvari's motion for relief of judgment and to stay execution is reversed.
 {¶ 18} We next address Desvari's appeal in App. No. 90059. In that case, Desvari asserts six assignments of error for our review. His first assignment of error states:
 {¶ 19} "The trial court abused its discretion in not granting the defendant-appellant relief from judgment." *Page 10 
 {¶ 20} In the interests of brevity, we incorporate herein the law regarding Civ.R. 60(B) motions proffered in the preceding analysis.
 {¶ 21} Desvari argues that the trial court abused its discretion in denying his motion for relief from judgment. Desvari, again as he did in App. No. 89563, maintains, had counsel been hired, the court would never had granted the default judgment because a judgment against Desvari would result in two awards of money against him for the same debt. As he did in the consolidated case, Desvari failed to present any evidence other than his unsworn allegations to support his argument. As previously stated, a trial court does not abuse its discretion in denying a motion to vacate when that motion contains allegations that are not supported by such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. East Ohio Gas Co. v. Walker
(1978), 59 Ohio App.2d 216, 220, 394 N.E.2d 348. Accordingly, the trial court correctly denied appellant's motion for relief from judgment and to stay execution of judgment.
 {¶ 22} Desvari's first assignment of error is overruled.
 {¶ 23} Next, we address Desvari's remaining five assignments of error collectively.
 {¶ 24} Desvari's second assignment of error states: *Page 11 
 {¶ 25} "The trial court erred in granting appellee Mystery Productions a default judgment because William Desvari and Desvar Company, Inc. made an appearance."
 {¶ 26} Desvari's third assignment of error states:
 {¶ 27} "The trial court erred in granting a default judgment without a hearing."
 {¶ 28} Desvari's fourth assignment of error states:
 {¶ 29} "The trial court erred in granting a judgment without a hearing to determine the amount owed by the defendant-appellant."
 {¶ 30} Desvari's fifth assignment of error states:
 {¶ 31} "The trial court erred in allowing the plaintiff-appellee to amend its judgment entry."
 {¶ 32} Desvari's sixth assignment of error states:
 {¶ 33} "The trial court erred in determining that the defendant-appellant's lien was violative of Ohio Revised Code _ 1311."
 {¶ 34} In the instant action, Desvari appeals the trial court's denial of the Civ.R. 60(B) motion. Nevertheless, in the aforementioned assignments of error, Desvari asks this court to review the substance of the granting of default judgment and the accompanying amended entry. The review of those actions was appropriate subject matter for a direct appeal. Desvari, however, failed to file a timely appeal to that order. Defendant cannot now, by way of an appeal of a motion for relief from judgment, claim that the default was improperly entered. To do this defendant *Page 12 
"seeks to do by indirection that which he cannot do directly." Bosco v.Euclid (1974), 38 Ohio App.2d 40, 311 N.E.2d 870, quoting In re Estateof Marginean (1961), 176 N.E.2d 329, 87 Ohio L.Abs. 314, 317.
 {¶ 35} In Bosco the court stated, "Civ.R. 60(B) may not be used as a substitute for a timely appeal as a means to circumvent App.R. 4(A) which establishes an appeal period of thirty days." Bosco, supra at paragraph two of the syllabus. The court further proffered, "[f]ailure to file a timely notice of appeal is jurisdictional generally subject to no exceptions in a civil case, App.R. 3 and 4(A), without such timely filing the Court of Appeals is `without jurisdiction' to entertain the appeal." Bosco, supra at 43.
 {¶ 36} Accordingly, we find that a determination of the default judgment was foreclosed when the thirty days lapsed from the date of the order. Thus, we dismiss Desvari's remaining five assignments of error as we are without jurisdiction to entertain them.
 {¶ 37} In summation, we find that the trial court's judgment in App. No. 89563 granting Desvari's motion for relief from judgment and to stay execution is reversed, and the trial court's judgment in App. No. 90059 denying Desvari's motion for relief from judgment and to stay execution is affirmed.
It is ordered that appellant recover from appellees in App. No. 89563 costs herein taxed. *Page 13 
It is ordered that appellee recover from appellants in App. No. 90059 costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS.
 CHRISTINE T. MCMONAGLE, P.J., CONCURS IN JUDGMENT ONLY *Page 1