Bosco, Appellee, v. City of Euclid et al., Appellants.

(No. 32913—Decided January 24, 1974.)

Mr. *Phillip C. Barragate,* for appellee.
Mr. *Patrick R. Rocco,* for appellants.

Day, J. In disposing of this appeal, it is necessary to discuss a prior appeal. The plaintiff-appellee and defendant-appellants will be referred to as "appellee" and "appellants." Such reference is especially desirable because the plaintiff is appellee in both appeals and the defendants are appellants in both.

Surface indications are that the current appeal involves a relatively simple procedural issue arising from a denial of a motion to vacate under Civ. R. 60(B)(1) and (5).[1] Beneath the surface it is apparent that the motion was an effort to retrieve a chance for review of substantive is-

---

[1](B) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . ."

sues lost when a previous appeal[2] testing the decision of those issues was dismissed by this court for want of a timely notice of appeal. Appellee contends that the dismissal by this court was appealed to the Supreme Court of Ohio and appends to its brief a document purporting to be an entry from the Supreme Court of Ohio disposing of the appeal. However, that entry is not certified and neither it, nor the notice of appeal to which the entry is a purported response, can be located in the record. In any event the denial of the motion to vacate resulted in the present appeal. A more detailed recital of the background of the first appeal will clarify the somewhat tangled procedure that resulted in the present one.

## I.

On February 24, 1972, plaintiff-appellee filed a complaint for declaratory judgment alleging that her deceased husband had a vested interest in sick-leave benefits in the City of Euclid Fire Department. The appellee contended that the appellants should pay the sick-leave benefits in cash as terminal leave payments when persons in the situation of her husband were separated from the Fire Department. The trial court rendered judgment for the appellee. The judgment was journalized on March 5, 1973.

On April 9, 1973, the appellants filed a notice of appeal from the March 5 judgment. A motion to dismiss was granted by this court on May 2, 1973, on the ground that the notice of appeal had not been filed with the trial court within thirty days of the entry [App. R. 4(A)][3].

On May 29, 1973, appellants filed a motion in the trial court to vacate judgment with a request for oral hearing. The appellants contended they had not received notice of

---

[2]That appeal was under the same style as the present appeal but was Case No. 32649 in this court.

[3]"4(A) Appeals in civil cases. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from . . . A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the trial court for journalization."

entry of judgment from the trial court[4] and thus were entitled to relief under Civ. R. 60(B)(1) and (5).

On June 18, 1973, the trial court denied the motion to vacate without permitting an oral hearing. A notice of appeal from that denial was timely filed in the trial court, and the current appeal ensued.

## II.

The appellants assign two errors:

"1. The Common Pleas Court erred in denying Defendant-Appellants a Motion to Vacate Judgment without granting a hearing to determine the validity of Defendants-Appellants claim.

"2. The Order of the Court of Common Pleas is contrary to law."

The two assignments are encompassed by the same rationale and they are, therefore, treated together. In our view both assignments lack merit. We affirm.

## III.

In their attack upon the decision below appellants rely upon *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209. They might have taken some comfort as well from *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319, had their point with respect to the necessity of hearing been well taken. We do not reach (1) an analysis of those cases, (2) the issue whether the circumstances here required a hearing, nor (3) whether, if evidence was required in this case, the affidavit submitted by the appellants to the trial court was sufficient to satisfy whatever evidential requirements *Brenner* and *Matson* demand. *For it is apparent on the facts of this case that the disposition of the earlier appeal interposes an insuperable impediment to the re-opening of this case on motion to vacate.*

## IV.

Failure to file a timely notice of appeal is jurisdictional generally subject to no exceptions in a civil case[5], App.

---

[4]In addition to journalization on March 5, 1973 [App. R. 4(A)], the *Daily Legal News* and *Cleveland Recorder* published notice of entry of final judgment in the case on March 7, 1973 (cf. Rule 14 of the Rules of Common Pleas Court of Cuyahoga County, Ohio).

[5]But see R. C. 2505.07(C) and 149 ALR 1261.

R. 3 and 4(A), without such timely filing the Court of Appeals is "without jurisdiction" to entertain the appeal. [See *State, ex rel. Kotch,* v. *DeGroh* (1959), 168 Ohio St. 506, 507, interpreting R. C. 2505.07, the statute governing the time period for notice of appeal before App. R. 4(A).] None of the rare exceptions is applicable here.

The purpose of a strict rule is a salutary one. It requires litigants to be alert to insure an orderly and prompt processing of appeals. Under statutes predecessor to Civ. R. 60(B), the courts of this State have strictly enforced the policy of refusing to allow the amendment of final orders for the sole purpose of renewing the appeal period to rescue a litigant from his own lethargy or lack of vigilance in filing a timely notice of appeal:

". . . The appellant seeks to do by indirection that which he cannot do directly. The time to appeal the judgment declaring that Raveca Marginean is not the widow and surviving spouse of the deceased has long since passed. Raveca Marginean now wants to again claim that she is the surviving spouse by a motion to vacate all proceedings taken in the probate of the will and matters arising therein. This she cannot do." *In re Estate of Marginean* (1961), 87 Ohio L. Abs. 314, 317.

Civ. R. 60(B) is derived from a comparable federal rule of civil procedure. A motion under that rule has been held to be no substitute for appeal, *Demers* v. *Brown* (Cir. 1965), 343 F. 2d 427, Cert. denied (1965), 86 S. Ct. 40; cf. *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187, 199.

The motion to vacate in the present case is no different in generic objective from the motions in *Marginean* and in *Demers*. The issue it raises responds to the rules established in those cases. A reversal of the order of the Court below will achieve nothing but a hearing on the question of vacation of a judgment which the circumstances would make it an abuse of discretion to grant. For it is apparent that were appellants' facts proven true on hearing, the principal consequence would be a fresh denial and a new period of thirty days within which to file a notice of appeal from that denial. The review of the substantive

determination thus sought was appropriate in the first appeal but was forfeited by delay.

The appellants' objective is obvious. The only pertinent factual basis set out in the affidavit[6] to support the motion to vacate is a claimed failure of notice[7] of the date of judgment until after the thirty-day appeal period had expired. A determination of that justification was foreclosed when the first appeal was dismissed for untimely filing of the notice of appeal. Given these facts it would violate the purpose of Civ. R. 60(B)(1) and (5) to allow it to substitute for appeal or be used to circumvent the policy of App. R. 4 (A)[8] establishing an appeal period of thirty days. There was no factual issue requiring a hearing. The denial of the motion to vacate was not contrary to law. "There must be an end to litigation some day, . . . ." *Ackermann* v. *United States* (1950), 340 U. S. 193, 198, 95 L. Ed. 207, 211.

The judgment below is affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and CORRIGAN, J., concur.

---

[6]See Motion to Vacate filed May 29, 1973, with attached affidavit.

[7]See the recital of facts with respect to notice in footnote 4.

[8]To avoid misunderstanding and make the basis of decision clear, it is noted that the rationale is *not* loss of jurisdiction in the trial court. The imperfection of the first notice of appeal prevented the acquisition of jurisdiction by the Court of Appeals. Jurisdiction was not in limbo, however. It remained in the trial court which quite properly refused to exercise its jurisdiction as a substitute for an appeal or for an oblique evasion of App. R. 4(A).