DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant David Harden appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
On June 25, 1981, appellant David Harden was indicated by the Summit County Grand Jury on one count of aggravated murder in the death of Constantine Milo. Harden pleaded guilty to the charge on July 9, 1981. The trial court sentenced him to fifteen years to life in prison.
On September 20, 1996, Harden, through counsel, filed a petition to vacate or set aside his sentence. The trial court denied the petition on March 19, 1997. Harden did not appeal the trial court's decision. Instead, he filed a "Motion For Reconsideration and/or In The Alternative A Supplemental Order Allowing Appeal" with the trial court on July 14, 1997. On August 8, 1997, the trial court issued an order denying Harden's motion. Harden now appeals, pro se, from that order.
Harden argues the trial court abused its discretion in denying his "Motion For Reconsideration and/or In The Alternative A Supplemental Order Allowing Appeal." In addressing Harden's claim, we first note that "motions for reconsideration of a final judgment in the trial court are a nullity." State v. Brady (Jan. 29, 1997), Summit App. No. 17750, unreported at 3, quoting Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379. However, upon review of Harden's motion, it is apparent he intended to file a motion for relief from judgment pursuant to Civ.R. 60(B)(1). Therefore, in the interests of justice, we will construe his motion as a Civ.R. 60(B) motion.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Each of these three requirements must be met for a Civ.R. 60(B) motion to be successful. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. We will not disturb the decision of the trial court regarding a Civ.R. 60(B) motion absent an abuse of discretion.Jeter v. Gosden Constr. Co., Inc. (Oct. 29, 1997), Summit App. No. 18352, unreported at 3. "Abuse of discretion" connotes more than an error of law or judgment as it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Cedar BayConstr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22.
In his motion, Harden appears to seek relief pursuant to Civ.R. 60(B)(1), claiming excusable neglect for his failure to appeal the denial of his post-conviction relief petition. Absent some "extraordinary circumstance," a Civ.R. 60(B) motion will not be allowed as a substitution for a failure to appeal. See Statev. Jackson (Sept. 17, 1997), Lorain App. No. 96CA006546, unreported at 6. "[I]t would violate the purpose of Civ.R. 60(B)(1) * * * to allow it to substitute for appeal or be used to circumvent the policy of App.R. 4(A) establishing an appeal period of thirty days." Crim v. Adult Parole Auth. (Sept. 10, 1997), Lorain App. No. 96CA006602, unreported at 4, quoting Bosco v.Euclid (1974), 38 Ohio App.2d 40, 44. (Emphasis omitted.) Upon review of the record, we find no extraordinary circumstance that would justify his failure to appeal the trial court's denial of his petition. Accordingly, we find no abuse of discretion in the trial court's denial of Harden's "Motion For Reconsideration and/or In The Alternative A Supplemental Order Allowing Appeal."[1]
Harden's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
BAIRD, J. CONCUR.
[1] We note that the trial court denied Harden's motion on the basis that it was a motion for reconsideration and, as such, was a nullity. Even so, this court will affirm the decision of the trial court if any valid grounds exist to support it. Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93,96.