These cases came on for hearing upon the accelerated calendar of our court pursuant to App.R. 11.1 and Loc.R. 25, allowing for our decision to be stated in brief and conclusory terms.
Steven F. Temesi, appeals from separate judgments entered by the Cleveland Municipal Court in the cases of Steven F. Temesiv. Michael Butler, et al., also known as Case No. 97-CVI-22963 (C.A. 74978), and Erica Butler, et al. v. Steven F. Temesi,
also known as Case No. 97-CVI-23100 (C.A. 74979), and raises the following assignment of error for our review:
 "The magistrate's findings of fact were insufficient to support his conclusions of law, specifically, the magistrate erroneously calculated the damages awarded to the defendants-appellees."
The record before us in Case No. 97-CVI-22963 shows that the magistrate issued a decision on February 5, 1998, and journalized it on February 12, 1998. Temesi did not file his "motion for leave to file an objection" until March 5, 1998, which is beyond the fourteen day time period provided by Civ.R. 53 (E) (3) (a). Further, Temesi did not file his notice of appeal in that case until July 31, 1998. Since objections were not filed timely, the appellant's time for filing a notice of appeal expired on March 16, 1998. An appellant who fails to challenge a final appealable order within thirty days of the decision as provided by App.R. 4(A) waives all rights of review. See Dayton Women's Health Ctr. v. Enix (1990), 52 Ohio St.3d 67.
Further, the record in 97-CVI-23100 demonstrates that Temesi filed a notice of appeal on July 31, 1998, more than thirty days after the February 12, 1998 entry of judgment. The timely filing of a notice of appeal is a prerequisite to a civil appeal as of right. See App.R. 4(A); Moldovan v. Cuyahoga Cty.Welfare Dept. (1986), 25 Ohio St.3d 293. Thus, the appeal as filed in this case is untimely. See Bosco v. City of Euclid
(1974), 38 Ohio App.2d 40.
Notwithstanding the fact that the appellant failed to timely file objections to the magistrate's decision, a substantive review of the sole assignment of error fails to reveal the existence of any reversible error. The Supreme Court of Ohio, in State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, opined that:
 "When a party objecting to a referee's report has failed to provide the trial Court with the evidence and documents by which the Court could make a finding independent of the report, appellate review of the Court's findings is limited to whether the trial Court abused its discretion in adopting the referee's report, * * *"
Id, at p. 730.
Here, Temesi did not provide the trial Court with any evidence and documents by which an independent analysis of the magistrate's decision could be made. To the contrary, a review of the record before this Court clearly reveals that the magistrate's decision is supported by sufficient competent, credible evidence, and comports with existing statutory law and case law. Thus, the trial court did not abuse its discretion by adopting the magistrate's decision. See In re Jane Doe 1
(1991), 57 Ohio St.3d 135.
Accordingly, we dismiss the appellant's consolidated appeals for failure to file to comply with the mandatory time requirement of App.R. 3(A).
Appeals dismissed.
It is ordered that appellees recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ TERRENCE O'DONNELL, JUDGE
 _____________________________________ JOHN T. PATTON, JUDGE
N. B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).