DECISION AND JUDGMENT ENTRY
This is an appeal from a March 7, 2000 Washington County Common Pleas Court judgment.
Initially we must address a threshold jurisdictional issue. Appellant filed his notice of appeal on April 8, 2000, which appears to be beyond the time prescribed for filing a notice of appeal. See App.R. 4. Appellant asserts that a letter filed by him in the trial court was actually a Motion for a new trial and, therefore, the time for appeal was tolled until the Entry denying appellant's request was filed. We note that the trial court overruled appellant's Motion. We further note that the trial court characterized appellant's motion as a Motion to Reconsider.
A Motion for Reconsideration is a nullity. See State exrel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58. See, also, Pitt v. Dept. of Transportation (1981), 67 Ohio St.2d 378;In re White (June 16, 1998)), Scioto App. No. 97CA2530, unreported. It is clear from the trial court's denial that it considered appellant's filing to be a Motion for Reconsideration and treated it as such. Therefore, the time for filing a Notice of Appeal was not tolled.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Boscov. City of Euclid (1974), 38 Ohio App.2d 40; Richards v.Industrial Commission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982), 8 Ohio App.3d 34.
In this case, appellant's Notice of Appeal should have been filed within thirty days of the filing of the March 7, 2000 Journal Entry i.e., on or before April 6, 2000. Appellant, however, filed his Notice of Appeal on April 7, 2000, thirty-one days after March 7, 2000. Pursuant to App.R. 4 and App.R. 14(B), appellant's notice of appeal was untimely filed and the appeal must be dismissed. We note additionally that appellant may have an avenue of appeal pursuant to App.R. 5(A).
 JUDGMENT ENTRY
It is ordered that this appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Kline, P.J., Abele, J.: Concur, Evans, J.: Not Participating.
 _____________________ Peter B. Abele, Judge