DECISION JUDGMENT ENTRY
On June 7, 2000, this court filed an Entry stating that it appeared that this appeal was not timely filed because the Judgment Entry from which appellant appealed was filed on April 20, 2000 and the Notice of Appeal was filed on May 23, 2000. This court ordered appellant to file a memorandum addressing this issue within fifteen days of the filing of this Entry. Appellant filed a memorandum asserting that his appeal was filed only one day late since the thirtieth day landed on a Saturday and he filed his Notice of Appeal on the following Tuesday.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34.
In this case, Detamore's Notice of Appeal should have been filed within thirty days of the filing of the April 20, 2000 Journal Entry i.e., on or before May 20, 2000. Since May 20, 2000 fell on a Saturday, Detamore should have filed his Notice of Appeal on or before May 22, 2000. Detamore filed his Notice of Appeal on May 23, 2000. Pursuant to App.R. 4 and App.R. 14(B), Detamore's appeal was untimely filed and must be dismissed. We note that appellant may have an avenue of appeal pursuant to App.R. 5(A).[1]
 APPEAL DISMISSED. Costs to appellant.
Kline, P.J. Evans, J.: Concur.
 ____________________________________ PETER B. ABELE, Administrative Judge
[1] In his Memorandum, appellant requested leave to appeal but did not comply with App.R. 5(A) in seeking leave to appeal.