DECISION JUDGMENT ENTRY
On November 28, 2000, it appearing that this appeal was not timely filed because the Judgment Entry from which appellant appeals was filed on September 18, 2000 and the Notice of Appeal was filed, pro se, on October 31, 2000, this court ordered appellant, John Lucas, to file a memorandum addressing this issue within fifteen days. On February 9, 2001, appellant filed a Memorandum stating that the appeal was timely filed because it was sent by overnight mail on October 17, 2000. However, Lucas did not present anything to indicate that the notice of appeal was received by the Marietta Clerk of Courts on October 18, 2000 Rather, appellant's notice of appeal was stamped October 31, 2000 by the Clerk of the Marietta Municipal Court. Appellee filed a Memorandum in Opposition asserting that proof of mailing is not the equivalent of filing.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34. The Judgment Entry from which this appeal was taken was filed on September 18, 2000. App.R. 4 requires that the Notice of Appeal be filed within thirty days. The time to file a timely notice of appeal began to run on September 18, 2000. A timely appeal should have been filed no later than thirty days thereafter or October 18, 2000. Appellant's Notice of Appeal was filed on October 31, 2000.
While it appears that the Notice of Appeal may not have been time-stamped on the day it was received by the Marietta Clerk of Courts, pursuant to App.R. 14(B), this court may not extend the time for the filing of a notice of appeal. Thus, we are compelled to find that appellant's notice of appeal was not timely filed and that this court may not consider this appeal on its merits. A delayed appeal may be available to appellant and he is directed to App.R. 5(A) in that regard.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is hereby DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 ____________________________________ Roger L. Kline, Administrative Judge
Harsha, J. and Abele, P.J. Concur
NOTICE TO COUNSEL
 Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.