DECISION AND JUDGMENT ENTRY
Appellant, Daniel Wright, filed a Notice of Appeal from the trial court's dismissal of appellant's December 12, 2001 Motion for Reconsideration. In his motion, appellant asked the trial court to reconsider its February 6, 2001 Judgment that dismissed appellant's petition for a writ of habeas corpus. The trial court denied appellant's Motion and stated that pursuant to Pitts v. Dept. ofTransportation(1981), 67 Ohio St.2d 378, a motion for reconsideration is a nullity.
The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. Pitts, supra. Because there is no provision for such motions, any motion for reconsideration as well as any judgment entered in response is considered a nullity. Id. at 380-381. See, also, State ex rel. Pendell v. AdamsCty. Bd. Of Elections (1988), 40
Ohio St.3d 58, citing Pitts. Consequently, there is nothing for this court to review. See Williams v. Ohio Adult Parole Authority (Aug. 28, 1996), Ross App. No. 95CA2154, unreported. See, also, DWP Corp. v. DixieMachine Supply Co. (May 8, 1992), Pike App. No. 466, unreported.
The filing of a timely notice of appeal is jurisdictional.
See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v.City of Euclid (1974), 38 Ohio App.2d 40; Richards v. IndustrialCommission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden
(1982), 8 Ohio App.3d 34.
In the case sub judice, appellant's Notice of Appeal should have been filed within thirty days of the February 6, 2001 judgment. Appellant did not, however, appeal that judgment, but instead filed a Motion for Reconsideration ten months later and appealed the trial court's dismissal of that motion. Pursuant to Pitts, Pendell, Williams and DWP Corp.,supra, this court does not have jurisdiction to consider this appeal. Thus, we hereby dismiss this appeal.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellees recover of appellant costs herein taxed.
It is further ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. and Kline, J. Concur