[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We note that this case has been incorrectly captioned. Mike Gilliland attempts to appeal In re: Michale Gilliland, Jr., Allegeddependent child, case No. 98-C-025, from the Juvenile Division of the Jackson County Common Pleas Court. Thus, we have captioned this appeal to conform to the caption of the trial court case.
 DECISION AND JUDGMENT ENTRY
This is an appeal from a June 20, 2001 Jackson County Common Pleas Court, Juvenile Division, judgment. Appellant Michael Gilliland filed his notice of appeal on January 3, 2002. In a January 29, 2002 memorandum, appellant noted "* * * that he is a layman at the law and has no legal education * * *." Appellant also asked that his court appoint counsel for him.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34,
In the case sub judice, the time to file a timely notice of appeal began to run on June 30, 2001. A timely notice of appeal could have been filed no later than thirty days thereafter, or July 30, 2001. Appellant filed his Notice of Appeal on January 3, 2002.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that is without jurisdiction to consider this appeal.
 APPEAL DISMISSED. JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee shall recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur.