OPINION
This is an appeal of the denial of a Civ.R. 60(B) Motion to Vacate Judgment in a medical malpractice case. Carol Hamilton ("Appellant") previously attempted to directly appeal the jury verdict in this case, but that appeal was dismissed by this Court as untimely filed. (11/29/2000 J.E.). Appellant did not file an appeal of that decision to the Ohio Supreme Court. Because Appellant cannot now use a Civ.R. 60(B) motion as a substitute for a timely appeal or as a tool to circumvent this Court's prior decision, this appeal is hereby dismissed.
Although the procedural history of this case is complicated, the salient points can be summarized rather quickly.
Appellant filed her malpractice complaint on October 16, 1996. During the course of the litigation, Appellant retained the joint services of three attorneys: Mark Colucci, Michael Morley and Timothy Morley. Mark Colucci and Michael Morley jointly filed Appellant's complaint. Timothy Morley filed a notice of appearance on February 29, 2000. The notice of appearance also listed Timothy Morley's address incorrectly as 2363 Lalemony, University Heights, Ohio 44118.
During the course of the litigation a number of defendants were dismissed. The jury returned its verdict in favor of the remaining defendants, Dr. David Jackson and St. Elizabeth Medical Center ("Appellees"), and the judgment entry memorializing the verdict was filed on June 16, 2000.On June 23, 2000, Appellant filed a Civ.R. 59 motion for new trial alleging juror misconduct. The motion was overruled by judgment entry on August 11, 2000. The trial court docket notes that copies of the August 11, 2000, decision were not sent to the parties until August 30, 2000. The docket shows that copies were sent to two of Appellant's attorneys, namely, Timothy Morley and Michael Morley. Although the record is not entirely clear, it appears that the clerk's office of the Mahoning County Court of Common Pleas inadvertently determined that Attorney Colucci had withdrawn from the case. The error was not discovered by Attorney Colucci until October 5, 2000. Neither Attorney Michael Morley nor Attorney Timothy Morley had yet filed an appeal of the August 11, 2000, decision, so Attorney Colucci filed an appeal on October 5, 2000. This was designated as Appeal No. 00 CA 213.
Both Appellees filed motions to dismiss the appeal as untimely filed. Appellees argued that App.R. 4(A) provides that an appeal must be filed within 30 days of the later of the entry of the judgment or service of the judgment on the parties if service was not made within three days as provided by Civ.R. 58(B). Appellees conceded that service on the parties was not made within three days, and that the 30-day appeal period had begun to run on August 30, 2000. Appellees argued that Appellant filed her appeal more than 30 days after this date. Appellees argued that service was made on two of Appellant's attorneys, and that this satisfied the requirement of service on the "parties" as prescribed in App.R. 4, Civ.R. 5, and Civ.R. 58.
Appellant filed a response to the motions to dismiss. Appellant argued that none of her three attorneys were properly served with notice of the August 11, 2000, judgment. Attorney Colucci was not served at all. Attorney Michael Morley was served at his mailbox at the courthouse. Appellant argued that this is not listed as a valid mode of service in Civ.R. 5(B). Appellant also argued that Attorney Timothy Morley was served at an incorrect address because the address used on the February 29, 2000, notice of appearance was incorrect. Appellant included an affidavit of Attorney Timothy Morley stating that he had not received notice of the judgment prior to October 5, 2000. The affidavit also provided his correct address. Appellant further submitted an affidavit of Attorney Colucci stating that he had not been notified of the judgment prior to October 5, 2000.
Both Appellees filed reply briefs. Appellee Dr. Jackson argued that Attorney Michael Morley never alleged that he did not receive his copy of the judgment, and that there was no record of anything being returned as undeliverable from the original address given for Timothy Morley.
Appellee St. Elizabeth Medical Center argued that App.R. 4(B)(2), not App.R. 4(A), governed this appeal, which states as follows:
"(2) Civil or juvenile post-judgment motion. In a civil case or juvenile proceeding, if a party files a timely motion for judgment under * * * Civ.R. 59(B) * * * the time for filing a notice of appeal begins torun as to all parties when the order disposing of the motion is entered." (Emphasis added).
Appellee argued that there in nothing in App.R. 4(B)(2) tolling the period of appeal depending on when the parties were served with notice of the judgment entry. Appellee concluded that all of Appellant's arguments about which attorneys received or did not receive notice were irrelevant to the issue of the timeliness of the appeal.
This Court sustained the motions to dismiss on November 29, 2000. Our 1-page journal entry did not specifically state the basis for dismissal. Appellant did not further appeal the November 29, 2000, ruling.
On February 12, 2001, Appellant filed with the trial court a Civ.R. 60(B) Motion to Vacate Judgment. The motion attacked this Court's dismissal of the direct appeal rather than presenting arguments as to why the August 11, 2000, judgment was erroneous. Appellant presented the same arguments that she used previously in this Court in arguing that the direct appeal should not have been dismissed.
On March 9, 2001, the trial court, in a one-line judgment entry, overruled Appellant's motion to vacate.
On March 26, 2001, Appellant filed this appeal of the March 9, 2001 judgment entry. Both Appellees filed separate motions to dismiss this appeal, and those motions remain pending. Based on the analysis presented below, we now grant those motions.
Appellant's sole assignment of error asserts:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN DENYING APPELLANT'S MOTION FOR A NEW TRIAL AND/ OR ITS MOTION TO VACATE JUDGMENT PURSUANT TO RULE 6O(B), WHEN IT IS CLEAR FROM THE FACE OF THE MOTION THAT ALLEGATIONS OF JUROR MISCONDUCT, SUPPORTED BY OPERATIVE FACTS, AFFIDAVITS AND TRIAL TRANSCRIPTS, IF TRUE, WOULD WARRANT RELIEF TO THE MOVANT/APPELLANT"
Appellant's entire argument on appeal deals with the substantive issue of juror misconduct. Both Appellees filed briefs which argued that this substantive issue is not properly before this Court for the following reasons:
 Appellees argue that an Appellant may not use a Civ.R. 60(B) motion as a substitute for a timely appeal, citing Doe v. Trumbull County Children's Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of syllabus. Appellees point out that Appellant attempted to directly appeal the June 16, 2000, and August 11, 2000, decisions, but this Court determined that the appeal was untimely filed. Appellees also note that Appellant's brief in this appeal is an almost verbatim reiteration of the arguments made in her original motion for a new trial, which this Court determined was untimely appealed in Appeal No. 00 CA 213. (See 7/7/2000 Memorandum in Support of Motion for New Trial). Appellees argue that Appellant may not circumvent this Court's decision by raising the same issues in a subsequent Civ.R. 60(B) motion to the trial court.
 Appellees argue that Appellant did not satisfy the requirements of a Civ.R. 60(B) motion because the motion did not present any material containing operative facts which would allow the trial court to grant relief based on the substantive issues. The Ohio Supreme Court has stated: "To prevail on a motion brought under Civil Rule 60(B) the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; * * *". GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of syllabus. Appellant's Civ.R. 60(B) motion does not address the juror misconduct issue at all. Therefore, Appellees conclude that Appellant could not prevail on the motion, and that the trial court appropriately overruled the motion.
 Appellees argue that the law of the case doctrine bars Appellant from now raising the juror misconduct issue or the issue of the timeliness of the original appeal. The law of the case doctrine provides that, "the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Appellant did not appeal this Court's November 29, 2000, dismissal of her appeal, therefore, Appellees conclude that it is the law of this case that Appellant did not timely appeal either the original jury verdict or the judgment entry overruling her motion for a new trial based on juror misconduct.
Although Appellant filed a reply brief in this appeal, the brief does not address any of the procedural issues raised by Appellees.
Appellees' arguments are all correct. The substantive issue of juror misconduct is not properly before this Court and this appeal must be dismissed.
This is an appeal of a judgment entry overruling a Civ.R. 60(B) motion to vacate. The standard of review of Civ.R. 60(B) motion is as follows: "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion means more than an error of law; the decision must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
To prevail on a motion brought under Civ.R. 60(B) the movant must demonstrate:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
GTE Automatic Electric, Inc., supra, at paragraph two of syllabus. In order to satisfy the first factor of GTE Automatic Electric, Inc., the movant must allege a meritorious defense, but is not required to prove that he or she will prevail on that defense. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. "[T]he movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test." Syphard v. Vrable (2001),141 Ohio App.3d 460, 463. To ultimately succeed on the motion, though, the movant must present some admissible evidence in support of the motion sufficient to convince the trial court that the movant's defense may be meritorious. Cleveland Excavating, Inc. v. Elyria Sav. Trust (Dec.7, 2000), Cuyahoga App. No. 77910, unreported; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103-104.
Appellant's February 12, 2001, Civ.R. 60(B) motion presents no operative facts on the substantive issue supposedly being appealed, namely, juror misconduct. Appellant's entire argument in this regard was stated in one sentence: "This is not a sham; there are serious errors in the proceedings and justice requires that Plaintiff be given an opportunity to be heard." (2/12/2001 Motion to Vacate, Memorandum in Support, 4).
The facts that Appellant did attempt to present to the trial court involved whether Appellant's attorneys were properly notified of the August 11, 2000, judgment entry and the propriety of this Court's dismissal of Appeal No. CA 00 213. Appellant cites a number of cases purportedly holding that a Civ.R. 60(B) motion is the appropriate procedural device for arguing that an appeal is not untimely if a party was not served with a judgment entry and if the party did not learn of the entry until the time for direct appeal had expired. See Wiley v.Gibson (1997), 125 Ohio App.3d 77; Nichols v. Sidney Motors (1988),61 Ohio App.3d 590; Baek v. Cincinnati (1988), 43 Ohio App.3d 158; Rogersv. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126; Bancroftv. Communicators Inc. (1986), 34 Ohio App.3d 165. In each of these cases, though, the aggrieved party had not filed a direct appeal prior to filing a Civ.R. 60(B) motion.
The Ohio Supreme Court has held that, "[an appellant] had adequate remedies at law by a Civ.R. 60(B) motion for relief from judgment orappeal to raise his claim that he was entitled to additional time to perfect his appeal * * *". State ex rel. Smith v. Fuerst (2000),89 Ohio St.3d 456, 457 (emphasis added). In the instant case, Appellant filed a direct appeal, argued the issues involving the timeliness and propriety of service of the judgment entry, had the appeal dismissed for untimeliness, and then filed a Civ.R. 60(B) motion. Appellant would now like to have a second opportunity to raise the same issues.
"A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time forperfecting an appeal from the original judgment." Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91 (emphasis added). Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion. Id. at 91. As the Supreme Court held in State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191,
 "[s]uch procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." Id. at 193.
The procedural history of this case is very similar to that which occurred in Bosco v. City of Euclid (1974), 38 Ohio App.2d 40. In Bosco, the judgment was journalized on March 5, 1973. An appeal was filed on April 9, 1973. On May 2, 1973, the appeal was dismissed as being untimely filed. On May 29, 1973, the appellants filed a Civ.R. 60(B) motion to vacate, claiming they had not received notice of the entry of the original judgment. On June 18, 1973, the trial court overruled the motion, and a timely appeal was filed from this judgment entry. The Eighth District Court of Appeals held:
 "[f]ailure to file a timely notice of appeal is jurisdictional generally subject to no exceptions in a civil case, App.R. 3 and 4(A), without such timely filing the Court of Appeals is `without jurisdiction' to entertain the appeal. * * * The only pertinent factual basis set out in the affidavit to support the motion to vacate is a claimed failure of notice of the date of judgment until after the thirty-day appeal period had expired. A determination of that justification was foreclosed when the first appeal was dismissed for untimely filing of the notice of appeal. Given these facts it would violate the purpose of Civ.R. 60(B)(1) and (5) to allow it to substitute for appeal or be used to circumvent the policy of App.R. 4(A) establishing an appeal period of thirty days. There was no factual issue requiring a hearing. The denial of the motion to vacate was not contrary to law. `There must be an end to litigation someday,. . . .' Ackermann v. United States (1950), 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207, 211." Id. 42-43 (footnotes and citations partially omitted).
Appellant is bound by the procedural steps her attorneys have taken and by the judgments resulting from those procedural devices. Although Civ.R. 60(B) may have been used to raise the alleged notification error if no direct appeal had been filed, once the direct appeal was filed and litigated, any further attempt to use Civ.R. 60(B) to litigate the same issues was barred.
When a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal. State ex rel. Richard v.Cuyahoga Cty. Commrs. (2000), 89 Ohio St.3d 205; Key, supra,81 Ohio St.3d at 91; and State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191. Because this Court has previously found that Appellant's prior appeal was untimely, and because Appellant's subsequent filing of a Civ.R. 60(B) motion to vacate was an attempt to circumvent the fact that no timely appeal was filed, we hereby dismiss this appeal.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.