DECISION JUDGMENT ENTRY
{¶ 1} It appearing that this appeal was not timely filed because the Judgment Entry from which this appeal was taken was filed on October 8, 2002 and the Notice of Appeal was filed on November 8, 2002 — thirty-one days thereafter, this court ordered appellant to file a memorandum addressing the mandate of App.R. 14(B) within fifteen days of the filing of this Entry. Appellant filed a Memorandum asserting that proceeding pro se should be deemed to be extraordinary circumstances and that as such this court should allow this appeal to proceed.
 {¶ 2} The filing of a timely notice of appeal is jurisdictional.
 {¶ 3} See, generally, State v. Fisher (1975), 46 Ohio App.2d 279;Boscov. City of Euclid (1974), 38 Ohio App.2d 40; Richards v. Indus-trialCommission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden
(1982), 8 Ohio App.3d 34.
 {¶ 4} In this case, Thacker's Notice of Appeal should have been filed within thirty days of the filing of the October 8, 2002 Journal Entry i.e., on or before November 7, 2002. Thacker's Notice of Appeal was filed on November 8, 2002. Pursuant to App.R. 4 and App.R. 14(B), Thacker's appeal was untimely filed and must be dismissed. We note that appellant may have an avenue of appeal pursuant to App.R. 5(A).
APPEAL DISMISSED. Costs to appellant.
Abele, P.J. and Kline, J. Concur.
David T. Evans, Administrative Judge.