DECISION AND JUDGMENT ENTRY
{¶ 1} On January 3, 2003, appellant, Roger Johnson, filed a Notice of Appeal from the trial court's Entry of December 12, 2002 that denied his Motion for Reconsideration. In his motion, filed on October 15, 2002, appellant asked the trial court to reconsider its October 2, 2002 Judgment Entry which granted summary judgment in favor of appellee in the amount of $15, 404.30 plus interest.
 {¶ 2} The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. Pitts v.Dept. of Transportation (1981), 67 Ohio St.2d 378. Because there is no provision for such motions, any motion for reconsideration as well as any judgment entered in response is considered a nullity. Id. at 380-381. See, also, State ex rel. Pendell v. Adams Cty. Bd. Of Elections (1988),40 Ohio St.3d 58, citing Pitts.
 {¶ 3} The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. Cityof Euclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34.
 {¶ 4} In this case, appellant's Notice of Appeal should have been filed within thirty days of the October 2, 2002 Judgment. Appellant did not appeal that judgment, but instead filed a Motion for Reconsideration and then appealed the trial court's denial of that motion. Pursuant toPitts, Pendell and Ross, supra, this court does not have jurisdiction to consider this appeal. Thus, we hereby dismiss this appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur.