OPINION
{¶ 1} Plaintiff-appellant Daryl Shirley [hereinafter appellant] appeals from the January 8, 2004, Judgment Entry of the Stark County Court of Common Pleas which granted defendant-appellee Grange Mutual Insurance Company's Civ. R. 60(B) motion to vacate a June 4, 2002, Judgment Entry.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 1, 1998, decedent Robert Shirley was killed in a one-car accident. He was a passenger in the car his wife Patricia was driving. Patricia's insurance, Unity, paid its limits. Decedent's mother Norma Shirley is the Administratrix of the estate, and filed claims against nine insurance companies. Appellant, the brother of Robert Shirley, filed a declaratory judgment complaint in his individual capacity, seeking a declaration that he, as a named insured under his personal auto policy with appellee, was entitled to uninsured motorist (UIM) benefits from appellee as a result of the wrongful death of his brother, Robert Shirley.
 {¶ 3} Procedurally, the trial court entered summary judgment on June 4, 2002, on all claims except one, to which the parties had stipulated. The trial court specifically found that the judgment constituted a final appealable order, and that there was no just cause for delay. In that Entry, the trial court ruled against Grange Mutual, the appellee herein.
 {¶ 4} The following day, on June 5, the plaintiffs filed a motion to reconsider the portions of the action on which they lost. On June 7, the trial court vacated the entire judgment as to all parties, until the trial court ruled on the motion to reconsider.
 {¶ 5} On July 3, 2002, the plaintiffs and one insurance company filed notices of appeal from the June 4, 2002, Judgment Entry. On July 9, 2002, the trial court entered a new judgment, reversing itself on certain parts of the June 4, 2002, decision.[1] The insurance companies who had been successful in the June 4, 2002, judgment, but had lost on the July 9, 2002, Judgment Entry appealed. Thereafter, plaintiffs filed a cross-appeal in one of the cases.
 {¶ 6} In the meantime, on July 8, 2002, Grange Mutual, the appellee herein, filed a motion to reconsider the June 4, 2002, Judgment Entry. Thereafter, on July 25, 2002, the trial court reversed its June 4, 2002, decision as to Grange Mutual. Appellant appealed.
 {¶ 7} On July 28, 2003, this court held that the trial court's June 4, 2002, Judgment Entry was a final appealable order. Shirley v. Republic-Franklin Ins. Co., Stark App. No. 2002CA00270, 2003-Ohio-4040. This court held that since the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment is entered, the trial court's Entry vacating the June 4, 2003 Entry was a nullity. Subsequently, appellee filed a motion for reconsideration in this court. This court denied appellee's motion for reconsideration. Appellee did not appeal to the Ohio Supreme Court.
 {¶ 8} On October 16, 2003, appellee filed a Civ. R. 60(B) motion for relief from the June 4, 2002 Judgment Entry of the trial court. Appellee essentially argued that it was entitled to relief due to excusable neglect and its reliance on the trial court's actions.
 {¶ 9} On January 8, 2004, the trial court granted appellee's Civ. R. 60(B) motion. The trial court stated that "[i]t was clearly the intention of the trial court that by invoking the court's inherent authority to vacate a judgment, and based upon the initial motion filed by the plaintiff, that the time would not run in the within matter while the motions were pending." The trial court concluded that justice required that appellee's Civ. R. 60(B) motion be granted.
 {¶ 10} Accordingly, it is from the January 8, 2004, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 11} "The trial court erred in granting grange's CIV. R. 60(B) motion for relief from judgment from the trial court's June 4, 2003 judgment entry.
 {¶ 12} "(1) Grange's CIV. R. 60(B) motion for relief from the trial court's June 4, 2002 judgment was used solely as a substitute for a timely appeal as it raised issues that were "clearly cognizable" had a timely appeal been taken to this court.
 {¶ 13} "(2) In granting grange's CIV. R. 60(B) motion, the trial court's conclusion that it did not `intend * * * [that] the appeal time would run' violates the `law of the case' that was clearly established by this court."
 {¶ 14} In appellant's sole assignment of error, appellant contends that the trial court erred when it granted appellee's Civ. R. 60(B) motion for relief from judgment. In so doing, appellant essentially argues that appellee's motion should have been denied because the Civ. R. 60(B) motion was presented as a substitute for a timely appeal, raising issues that were cognizable at the time an appeal should have been taken.
 {¶ 15} The question of whether relief should be granted is left to the sound discretion of the trial court. See Griffey v.Rajan (1987) 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law. Blakemore v. Blakemore,5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 16} Civil Rule 60(B) states, in pertinent part, as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 17} Generally, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 18} However, a Civ. R. 60(B) motion is not a substitute for a direct appeal of a judgment and cannot be used to circumvent the requirement of App.R. 4(A) that an appeal be filed within 30 days from the entry of the order appealed. Shepler v.Jacobs, (July 28, 1992) Ashland County App. No. CA-1002, 1992 WL 195352 (citing Bosco v. Euclid (1974), 38 Ohio App.2d 40,311 N.E.2d 870). It has been held that failure to take such a timely appeal "interposes an insuperable impediment to the re-opening of [the] case on motion to vacate." Bosco v. City of Euclid,
supra.
 {¶ 19} Appellee filed a Civ. R. 60(B) motion in which it argued that the trial court should vacate its prior June 4, 2002, Judgment Entry on the grounds of excusable neglect, pursuant to Civ. R. 60(B)(1) and "any other reason justifying relief from the judgment," pursuant to Civ. R. 60(B)(5). Specifically, appellee argued that the trial court should vacate the prior judgment because appellee justifiably relied upon the trial court's June 7, 2002, Judgment Entry when it failed to appeal from the June 4, 2002, Judgment Entry and because the trial court's July 25, 2002, Judgment Entry clearly stated that appellee was entitled to judgment as a matter of law.
 {¶ 20} In this case, we agree with appellant that appellee is attempting to use a Civ. R. 60(B) motion as a substitute for a timely appeal. This court has previously held that the June 4, 2002, Judgment Entry was a final, appealable order and that the trial court had no authority to issue its June 7, 2002, Entry. Appellant failed to appeal from the June 4, 2002, Judgment Entry and now seeks to vacate the June 4, 2002, Judgment Entry because it failed to appeal from it. We find that what appellant is seeking to do is use Civ. R. 60(B) to pursue an appeal from an entry it failed to appeal. Accordingly, we must reverse the decision of the trial court which granted the Civ. R. 60(B) motion. A Civ. R. 60(B) motion cannot be used as a substitute for appeal and the trial court abused its discretion when it permitted appellee to do so.
 {¶ 21} Appellant's sole assignment of error is sustained.
 {¶ 22} The judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded for further proceedings consistent with this opinion.
Edwards, J., Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings. Costs assessed to appellee.
[1] This Entry did not address issues concerning appellee Grange Mutual.