{¶ 13} I respectfully dissent from the majority's conclusion that Robert Bonde cannot challenge defects in his divorce decree by way of a motion for relief from judgment under Civ. R. 60(B) because he dismissed a direct appeal from that judgment in order to proceed on the motion for relief from judgment.
 {¶ 14} Any infirmities with Mr. Bonde's appeal in Case No. 88718 are simply not at issue in this appeal in Case No. 91633 by Mindi Bonde from the court's decision to grant relief from judgment. Instead of deciding the only issue before us in this appeal — whether the court abused its discretion by vacating *Page 9 
part of the divorce decree — the majority reviews the circumstances surrounding an appeal that was dismissed more than two years ago.
 {¶ 15} Assuming for the sake of argument that the majority is correct in reviewing the circumstances of Mr. Bonde's appeal in Case No. 88718, a review of that case plainly shows that Mr. Bonde did not use a Civ. R. 60(B) motion for relief from judgment as a substitute for an untimely appeal. Robert timely appealed from the divorce decree and filed his motion for relief from judgment on the same day. While both the appeal and motion for relief from judgment were pending, we remanded the case on Mr. Bonde's motion, presumably made under Loc. App. R. 4(A), which states: "If a motion for relief from judgment or order under Civ. R. 60(B) is pending in the trial court and an appeal from the same judgment is also pending, a party may move this court, for good cause, to remand the matter to the trial court for a ruling on the motion for relief from judgment." See, also, Majnaric v. Majnaric (1975), 46 Ohio App.2d 157. Robert thereafter tried to dismiss the appeal, but we denied that motion. One week later, we issued an order stating that "by agreement of counsel and upon the recommendation of the conference attorney, this appeal is dismissed with prejudice at appellant's costs."
 {¶ 16} The facts of this case offer no basis for the application of the rule that a motion for relief from judgment cannot be used as asubstitute for a timely *Page 10 
appeal. See Bosco v. Euclid (1974), 38 Ohio App.2d 40. Mr. Bonde did file a timely appeal and, following a remand for consideration of his motion for relief from judgment, we dismissed the appeal on the concurrence of the parties and this court's conference attorney. This dismissal is of a kind that regularly issues in like cases where the parties wish to pursue the issues by way of the motion for relief from judgment. Given the substantial role played by this court in brokering a dismissal of the appeal (it results in one less case on this court's docket), it is disingenuous to apply the rule in Bosco. Moreover, apart from our active role in prompting the dismissal, it must be noted that Mrs. Bonde concurred in the dismissal. Having done so, she has no basis for raising that dismissal as a bar to the court's subsequent consideration of the pending motion for relief from judgment.
 {¶ 17} Finally, I would find that the court did not abuse its discretion by granting relief from judgment. Despite the majority's assertion that Mr. Bonde did not establish proper grounds for relief from judgment, there was an undeniable error in the judgment entry because it did not list the net cash value of the insurance policies. That error arose from a proposed judgment entry prepared by Mindi Bonde that Mr. Bonde claimed, in his objections to that proposed judgment entry, did not accurately reflect the agreement of the parties. Given these facts, it is unclear to me why the majority concludes that Mr. Bonde *Page 11 
"failed to account for the claimed discrepancies at issue prior to entering into the agreement[.]" Robert's objections to the proposed judgment entry were a manifestly proper basis for seeking a vacation of the divorce decree and those objections were substantiated by the evidence. I would affirm the trial court in all respects. *Page 1