OPINION
{¶ 1} Defendant-appellant Larry Keister appeals from the March 3, 2006, Judgment Entries of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 22, 2003, the Stark County Grand Jury indicted appellant on two counts of rape in violation of R.C.2907.02(A)(1)(b), felonies of the first degree. The indictment alleged that the victim was less than thirteen (13) years of age. At his arraignment on January 31, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on April 14, 2003, appellant withdrew his former not guilty plea and entered a plea of guilty to both charges. As memorialized in a Judgment Entry filed on April 17, 2003, appellant was sentenced to a prison term of ten (10) years on each count. The trial court, in its entry, ordered the two sentences to be served concurrently, for an aggregate prison sentence of ten (10) years. Appellant did not appeal his conviction and sentence.
 {¶ 4} On July 15, 2003, appellant filed a Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1. On October 9, 2003, appellant filed a Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21, arguing that he was pressured by trial counsel into accepting the plea bargain and that his speedy trial rights had been violated. Pursuant to a Judgment Entry filed on January 29, 2004, the trial court denied appellant's Motion to Withdraw Guilty Plea, finding that appellant's plea "was taken by the Court in accord with Crim.R. 11(C)." As memorialized in a separate Judgment Entry filed the same day, the trial court also denied appellant's Petition to Vacate or Set Aside Sentence, finding that the same was not timely filed and that appellant had failed to state any claim upon which relief could be granted.
 {¶ 5} Appellant, on March 5, 2004, filed a Notice of Appeal of the trial court's January 29, 2004 Judgment Entry denying his Petition to Vacate or Set Aside Sentence. Via a Judgment Entry filed on April 16, 2004, this Court, at the request of the State, dismissed appellant's appeal for want of a timely Notice of Appeal.
 {¶ 6} Thereafter, on February 22, 2006, appellant filed an Amended Petition for Post-Conviction Relief under R.C.2953.21(F). Appellant, in his petition, alleged that he had received ineffective assistance of trial counsel. Appellant, on the same date, also filed a Motion for Appointment of Counsel and a Motion for Expert Assistance. In addition, appellant, on February 22, 2006, filed a Motion for Relief from Judgment under Civ.R. 60(B)(4), seeking relief from the trial court's January 29, 2004, Judgment Entry denying his Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21.
 {¶ 7} The trial court, pursuant to a Judgment Entry filed on March 3, 2006, denied appellant's Amended Petition for Post-Conviction Relief, his Motion for Appointment of Counsel, and his Motion for Expert Assistance. The trial court, in its Judgment Entry, stated, in relevant part, as follows:
 {¶ 8} "The Court finds that said Petition was not timely filed as it was not filed within 210 days from the judgment of conviction and sentence as set by R.C. 2953.21(A)(2), nor has Petitioner offered any justification as to the untimely filing of said Petition.
 {¶ 9} "Defendant-Petitioner has the burden of proof under R.C. 2953.21, of establishing his claim for relief. The Court finds that Defendant-Petitioner has failed to state any claim upon which relief can be granted. The Court finds that the letters attached to Defendant-Petitioner's Petition do not demonstrate sufficient operative facts to establish substantive grounds for relief."
 {¶ 10} In a separate Judgment Entry filed the same day, the trial court also denied appellant's Motion for Relief from Judgment under Civ.R. 60(B), finding that such rule "has no application to a criminal case" and that appellant "may not use a Civ. R. 60(B) motion as a substitute for a timely appeal from the original judgment."
 {¶ 11} Appellant now raises the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT PREJUDICIALLY AND ARBITRARILY DENIED MR. KEISTER THE RELIEF FROM ITS JUDGMENT DENYING POST-CONVICTION RELIEF."
 {¶ 13} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 14} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 15} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 16} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion for Relief from Judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 17} As is stated above, on October 9, 2003, appellant filed a Petition to Vacate or Set Aside Sentence pursuant to R.C.2953.21, arguing that he was pressured by trial counsel into accepting the plea bargain and that his speedy trial rights had been violated. After the trial court denied appellant's Petition to Vacate or Set Aside Sentence pursuant to a Judgment entry filed on January 29, 2004, appellant, on March 5, 2004, filed a Notice of Appeal. Via a Judgment Entry filed on April 16, 2004, this Court, at the request of the State, dismissed appellant's appeal for want of a timely Notice of Appeal. Appellant, on February 22, 2006, then filed a Motion for Relief from Judgment under Civ.R. 60(B)(4), seeking relief from the trial court's January 29, 2004, Judgment Entry denying his Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21
 {¶ 18} However, a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal or to extend the time for perfecting an appeal from the original judgment. Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. Stateex rel. McCoy v. Coyle (1997), 80 Ohio St.3d 1430,685 N.E.2d 542; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191,192, 529 N.E.2d 1268. Appellant clearly is attempting to use a Civ.R. 60(B) motion as a substitute for a timely appeal from the trial court's January 29, 2004, Judgment Entry.
 {¶ 19} Appellant, in his sole assignment of error, also appears to argue that the trial court erred in denying his Amended Petition for Post-Conviction Relief under R.C.2953.21(F).[1] We concur with the trial court; however, that such petition was untimely.
 {¶ 20} R.C. 2953.21(A)(2) provides, in part:
 {¶ 21} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 22} The trial court sentenced appellant in April of 2003. Appellant did not file a direct appeal. Appellant did not file his amended petition until February 22, 2006; therefore, the petition is untimely.
 {¶ 23} R.C. 2953.23 governs untimely filed petitions for post-conviction relief. Under the statute, a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies upon in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A). As noted by the trial court in its March 3, 2006, Judgment Entry, appellant had not "offered any justification as to the untimely filing of said Petition." As noted by appellee, appellant never argued that R.C. 2953.23 applied to his amended petition. We find, therefore, that the trial court did not err in dismissing appellant's Amended Petition for Post-Conviction Relief as untimely.
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant's original petition for Post-Conviction Relief, which was captioned petition to Vacate or Set Aside sentence, was denied by the trial court in January of 2004.