OPINION
{¶ 1} Defendant-appellant Charles R. Hagler appeals from a decision of the Greene County Court of Common Pleas overruling his pro se motion for relief from judgment pursuant to Civil Rule 60(B) and Criminal Rule 57(B) filed on December 8, 2005. Said motion was overruled in a written decision and entry filed on January 17, 2006. Hagler filed a notice of appeal with this Court
 {¶ 2} On May 27, 2004, Hagler was indicted for one count of theft without consent in violation of R.C. § 2913.02(A)(1); one count of forgery in violation of R.C. § 2913.31(A)(3); and one count of theft by deception in violation of R.C. § 2913.02(A)(3). All of the counts are felonies of the fifth degree.
 {¶ 3} Hagler plead guilty to all of the counts contained in the indictment on November 24, 2004. On March 3, 2005, the trial court sentenced Hagler to eight months for each of the three counts, the sentences to be served consecutively. Additionally, the trial court found that Hagler committed the instant offenses while on post-release control for another unrelated case and imposed a twelve month sentence to be served consecutively to his original sentence, for an aggregate sentence of thirty-six (36) months in prison. It is undisputed that Hagler did not file a notice of appeal of his conviction and sentence.
 {¶ 4} Rather, on April 26, 2005, Hagler filed a motion for jail time credit which the trial court granted on May 13, 2005. Hagler filed a motion for judicial release on June 7, 2005. The trial court overruled said motion without a hearing on July 1, 2005. On June 10, 2005, Hagler filed a motion modify his sentence which was also overruled by the trial court on August 23, 2005.
 {¶ 5} As previously noted, Hagler filed a motion for relief from judgment on December 8, 2005. The trial court overruled said motion in a decision and entry filed on January 17, 2006. It is from this judgment that Hagler now appeals.
 II {¶ 6} Hagler's first and second assignments of error are as follows:
 {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING APPELLANT'S PLEA WITHOUT EXPLAINING POSSIBLE CONSEQUENCES."
 {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING AN ILLEGAL SENTENCE TO WIT: THE TRIAL COURT SENTENCED APPELLANT TWICE AND CONSECUTIVELY FOR OFFENSES OF LIKE AND SIMILAR IMPORT, VIDELICIT, THE ACT OF THEFT AND THEFT BY DECEPTION WERE THE EXACT SAME ACT"
 {¶ 9} App. R. 4(A) provides in pertinent part:
 {¶ 10} "(A) Time for appeal"
 {¶ 11} "A party shall file notice of appeal required by App. R. 4 within thirty days of the later of entry of the judgment or order appealed * * *."
 {¶ 12} At no time within the thirty days prescribed by App. R. 4, nor at any time thereafter, did Hagler attempt to appeal the judgment of the trial court with respect to his conviction and sentence. In fact, the first document filed by Hagler after he was sentenced on March 3, 2005, was a motion for jail time credit filed on April 26, 2005.
 {¶ 13} To ultimately prevail on this appeal, Hagler would need to demonstrate that his guilty plea to the charges outlined above was unknowing and involuntary. The proper procedure would require Hagler to file an appeal within thirty days of the trial court's imposition of sentence so that we could review his assignments of error. Instead, he chose to ignore App. R. 4(A) and file a motion for relief from judgment pursuant to Civ. R. 60(B) and Crim. R. 57(B) approximately nine months after his sentence was imposed. Civ. R. 60(B) is clearly inapplicable to Hagler's sentence. Crim. R. 57(B) is also inapplicable in the present situation. The rule states in pertinent part:
 {¶ 14} "(B) Procedure not otherwise specified"
 {¶ 15} "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 16} The "rule" Hagler should have followed was App. R. 4(A) which required him to file a notice of appeal with this Court within thirty days of his sentencing. There was no need to utilize either Civ. R. 60(B) nor Crim. R. 57(B) in reviewing Hagler's assertions.
 {¶ 17} The instant appeal of the motion for relief lacks merit since Hagler should have sought appellate review within thirty days of the trial court's imposition of sentence on March 3, 2005. Thus, Hagler has waived review of his conviction and sentence, and his appeal is dismissed as a matter of law.
 {¶ 18} Both of Hagler's assignments of error are rendered moot.
 III {¶ 19} In light of the foregoing, Hagler's appeal is dismissed.
WOLFF, P.J. and FAIN, J., concur.