OPINION
{¶ 1} Defendant-appellant, Angelo J. Felder, appeals from judgments of the Franklin County Court of Common Pleas denying his "Motion to Vacate Judgement [sic] on the Basis of New Supreme Court Decision in Accordance with Civil Rule 60 (B)." Defendant assigns a single error: *Page 2 
 The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
Because the trial court properly denied defendant's motion, we affirm.
I. Procedural History
A. Case No. 00CR-09-5692; Appellate No. 07AP-148. {¶ 2} By indictment filed on September 26, 2000, defendant was charged with two counts of receiving stolen property and one count of misuse of a credit card. Although he originally entered a not guilty plea, defendant on January 31, 2003 changed his plea to guilty to one count of receiving stolen property, a felony of the fifth degree; the state requested, and the court ordered, a nolle prosequi on the remaining counts. The prosecution and defense counsel jointly recommended a 12-month sentence to be served concurrently to sentences in two other cases disposed of the same day. By judgment entry filed on February 3, 2003, the court imposed the jointly recommended sentence, to be served concurrently with the sentence imposed in 02CR-01-153.
B. Case No. 01CR-12-7551; Appellate No. 07AP-149. {¶ 3} Defendant was indicted on December 28, 2001 with one count of aggravated robbery, two counts of robbery, and two counts of kidnapping. On January 31, 2003, defendant changed his earlier not guilty plea to guilty to a second-degree felony count of robbery; the state requested, and the court ordered, a nolle prosequi on the remaining counts. The prosecution and defense counsel jointly recommended a six-year sentence to be served consecutively to the sentence imposed in 02CR-01-153. Through judgment entry filed on February 3, 2003, the trial court adopted the jointly recommended *Page 3 
sentence, imposing six years to be served concurrently to the sentence in 00CR-09-5692 and consecutively to the sentence in 02CR-01-153.
C. Case No. 02CR-01-153; Appellate No. 07AP-150. {¶ 4} By indictment filed on January 11, 2002, defendant was charged with two counts of aggravated robbery, three counts of kidnapping, one count of attempted murder, one count of felonious assault, one count of tampering with evidence, and one count of obstructing justice. On January 31, 2003, defendant changed his earlier not guilty plea to guilty to one count of robbery with a specification; the state requested, and the trial court ordered, a nolle prosequi on the remaining counts. The state and defense counsel jointly recommended a sentence of nine years, plus three years for the gun specification, for a total of 12 years to be served consecutively to the six-year term imposed in 01CR-12-7551. Through a judgment entry filed on February 3, 2003, the trial court imposed the jointly-recommended sentence.
D. Post-sentencing Motions. {¶ 5} On January 26, 2006, defendant filed a post-conviction relief petition in all of the cases, requesting that the court modify and correct the sentences it imposed on defendant. Defendant contended the court erred ordering a non-minimum sentence when it failed to make the findings required under R.C. 2929.14(B), 2929.14(E) and 2929.19(B). On July 14, 2006, the trial court denied the petition.
 {¶ 6} On December 29, 2006, defendant filed his Civ.R. 60(B) motion to vacate. Treating the motion as a post-conviction relief petition, the trial court denied it because (1) the motion was not timely filed, and (2) the arguments defendant posited do not apply to a *Page 4 
jointly recommended sentence. Defendant appeals, contending the trial court erred in denying his motion to vacate because the sentences the trial court imposed violate his right to due process and to be free from ex post facto laws.
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1) through (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A movant is not entitled to relief if any one of the prongs ofGTE is not met. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 8} An appellant court reviews a trial court's denial of a Civ.R. 60(B) motion under an abuse of discretion standard. Harris v.Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934, certiorari denied, 127 S.Ct. 251; State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153;Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} While defendant is correct that on occasion a Civ.R. 60(B) motion will be appropriate in a criminal case, see State v.Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, *Page 5 
defendant has presented no argument that he meets any of the requisites for Civ.R. 60(B) relief as set forth in GTE. Instead, defendant apparently intends his Civ.R. 60(B) motion as a substitute for appeal to bring to the attention of the trial court, and now this court on appeal, the alleged deficiencies he perceives in the sentence the trial court imposed. Because a Civ.R. 60(B) motion is not a substitute for appeal, the trial court properly denied the motion. Brennan v.Brennan, Greene App. No. 2006 CA 55, 2007-Ohio-2097, at ¶ 8.
 {¶ 10} To the extent we characterize defendant's motion as a petition for post-conviction relief, the motion fails for two separate reasons: (1) it is untimely, and (2) the doctrine of res judicata bars consideration of any claims in it.
 {¶ 11} R.C. 2953.21sets forth the time limits for filing a petition for post-conviction relief, providing that "[i]f no appeal is taken," except as otherwise provided in R.C. 2953.23 "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Here, the judgment of defendant's convictions was entered on February 3, 2003. Because defendant filed his motion on January 26, 2006, it is not timely under R.C. 2953.21(A)(2).
 {¶ 12} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either he was unavoidably prevented from discovering facts necessary for the claim for relief or the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. If defendant satisfies one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable factfinder would have found him *Page 6 
guilty of the offenses of which he was convicted. Here, defendant points to no discovery of any facts he was prevented from obtaining at the time of trial. He, however, apparently contends he has a newly recognized federal or state right under Blakely v. Washington (2004),542 U.S. 296 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 13} "Blakely does not recognize a new federal or state right that applies retroactively." State v. Graham, Franklin App. No. 05AP-588,2006-Ohio-914, ¶ 10. Defendant's reliance on Foster is also unavailing. Because Foster is a Supreme Court of Ohio decision and not a decision of the United States Supreme Court, it does not satisfy the newly recognized right exception. As a result, none of the R.C. 2953.23
exceptions applies, and defendant's motion is untimely.
 {¶ 14} Were we to reach the merits of defendant's motion, defendant's contentions would be unavailing because defendant raises issues pursuant to Blakely and Foster in the context of a jointly recommended term of imprisonment. Neither Blakely nor Foster applies to a jointly recommended sentence. Graham, supra; State v. Billups, Franklin App. No. 06AP-853, 2007-Ohio-1298, at ¶ 6-9 (concluding that because"Foster is premised on Blakely, we are, likewise, compelled to conclude that Foster does not apply to agreed-upon sentences"). Similarly, even if we were to address defendant's ex post facto and due process contentions, they are without merit, as this court concludedFoster violates neither defendant's due process rights nor his right to be free from ex post facto laws. State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 4. *Page 7 
 {¶ 15} Accordingly, the trial court did not err in denying defendant's motion. Defendant's single assignment of error is overruled and the judgments of the trial court are affirmed.
Judgments affirmed.
 FRENCH and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1