JOURNAL ENTRY AND OPINION
{¶ 1} Carlos Deering ("Deering") appeals from his sentence received in the Cuyahoga County Court of Common Pleas. Deering argues that the consecutive sentences imposed in his two underlying criminal cases are contrary to law. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Members of the Cleveland Police Department Narcotics Unit arrested Deering on January 6, 2005, for possession and trafficking in more than 100 grams of crack cocaine. A Cuyahoga County Grand Jury subsequently returned an indictment charging Deering with two counts of drug trafficking with major drug offender specifications, one count of possession of drugs with major drug offender specifications, and one count of possession of criminal tools, CR461914. *Page 3 
 {¶ 3} Deering failed to appear for his December 15, 2005 trial date, and the trial court issued a capias. While Deering was a fugitive, the Sixth District Vice Unit of the Cleveland Police Department arranged to make a purchase of crack cocaine from Deering on June 29, 2006. The officers knew of the arrest warrant. As Deering drove to the meeting location, the officers attempted to stop him, but Deering took off at a high rate of speed. Deering rammed a police car and a high-speed chase ensued, during which he drove through red lights and stop signs. When Deering finally stopped the vehicle, he fled on foot. The officers located Deering, who continued to struggle with the officers despite numerous warnings to stop. The officers eventually used a taser on Deering and placed him under arrest. After they secured Deering, the officers went back to Deering's van and discovered that his five children were inside the van. The officers also found drugs in the van.
 {¶ 4} A Cuyahoga County Grand Jury returned a second indictment charging Deering with two counts of possession of drugs, two counts of possession of drugs with juvenile specifications[1], two counts of felonious assault on peace officers, one count of failure to comply with the order or signal of a peace officer, five counts of endangering children, one count of resisting arrest, one count of possession of criminal tools, and one count of drug trafficking, CR484073. *Page 4 
 {¶ 5} On August 31, 2006, Deering pleaded guilty to an amended count of drug trafficking, greater than 25 grams but less than 100 grams with major drug offender specifications. The remaining charges contained in case CR461914 were nolled. Deering also pleaded guilty to the indictment in CR484073, except for count 15, drug trafficking, which was dismissed.
 {¶ 6} Sentencing occurred on September 27, 2006. At the hearing, Deering's mother and wife both spoke on his behalf. Deering also spoke and told the court that he knew he had made several mistakes but that he was remorseful. The trial court sentenced Deering to seven years in case CR461914 and seven years in case CR484073, to run consecutively for a total prison sentence of fourteen years. Deering appeals, raising a single assignment of error.
 {¶ 7} "The trial court erred in sentencing appellant to consecutivesentences as it is contrary to law."
 {¶ 8} In putting forth this argument, Deering does not argue that the imposed sentences are outside the permissible statutory range; instead, he argues that his conduct does not support the imposition of such a lengthy sentence. We disagree with this argument.
 {¶ 9} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. *Page 5 
In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. Therefore, post Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. State v. Goggans, Delaware App. No. 07-0051,2007-Ohio-433.
 {¶ 10} This court reviews a felony sentence de novo. R.C. 2953.08;Mathis, supra; State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. Although we apply a de novo standard of review, we will not disturb the imposed sentence on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. Id.; R.C. 2953.08(G)(2).
 {¶ 11} In the present case, the trial court specifically made the following findings when it imposed Deering's sentence:
 {¶ 12} "Mr. Deering, I'm going to sentence you to jail and the need tosentence is obvious. It needs to punish the offender and protect thepublic from the crimes that you and others (sic).
 {¶ 13} I have considered all the relevant factors under 2929.11 of theRevised Code. My sentence will be commensurate with and not demeaning tothe seriousness of your conduct. It's based upon the victims andconsistent with sentences for similar crimes for similaroffenders."
 {¶ 14} The trial court also considered Deering's two prior felony convictions and his numerous misdemeanor convictions. *Page 6 
 {¶ 15} Based on the evidence enunciated above, we conclude that Deering's sentence is not contrary to law. Deering is a convicted felon who, once caught, refused to attend his court appearances. Additionally, while he was a fugitive, Deering continued to sell drugs, causing him to be arrested in case No. 484073. It was at that time, that Deering risked not only his life, but the lives of his five children, and the lives of the police officers attempting to arrest him, when he initiated the high-speed car chase.
 {¶ 16} It is also clear that when sentencing Deering to this fourteen-year term of imprisonment, the trial court carefully considered the purposes of sentencing, the factors relating to the seriousness of the offense, and the recidivism of the offender. R.C. 2929.11 and R.C.2929.12.
 {¶ 17} Accordingly, we overrule Deering's sole assignment of error.
 {¶ 18} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
FRANK D. CELEBREZZE, JR., A.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] The original indictment had schoolyard specifications, which was an error. The State moved to correct the indictment to reflect the juvenile specifications and defense counsel did not object. *Page 1