{¶ 1} Defendant-appellant, John Thomas Bragg ("Bragg"), appeals from a decision of the Cuyahoga Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.
 {¶ 2} The record before this court reveals the following. In 1989, Bragg was convicted of two counts of aggravated murder (prior calculation and design and committed while during a felony), aggravated robbery, and kidnapping. This court *Page 3 
affirmed Bragg's conviction on direct appeal. See State v. Bragg (June 27, 1991), 8th Dist. No. 58859; 1991 Ohio App. LEXIS 3162.
 {¶ 3} In 1996, Bragg filed two motions for relief from judgment, and two petitions to vacate judgment and sentence, all of which were denied. Bragg appealed the denial of his motion for relief from judgment; which this court affirmed in State v. Bragg (Sept. 5, 1996), 8th Dist. No. 70461, 1996 Ohio App. LEXIS 3853.
 {¶ 4} In 2001, Bragg sought to reopen his original appeal on the grounds of ineffective assistance of counsel. This court denied his application. See State v. Bragg (Nov. 26, 2001), 8th Dist. No. 58859, 2001 Ohio App. LEXIS 5315. In 2001, Bragg also filed an application for a nunc pro tunc order, which the trial court denied and this court affirmed. See State v. Bragg, 8th Dist. No. 80438, 2002-Ohio-2743.
 {¶ 5} On October 27, 2004, Bragg filed an application for DNA testing. The state opposed it and the trial court denied it on December 16, 2004.[1] On December 8, 2006, Bragg filed a Civ.R. 60(B)(5) motion for relief from the December 16, 2004 judgment, which is the subject of this appeal.
 {¶ 6} In his motion, Bragg argued that "the trial court erred when it denied [his] application for DNA testing by failing to give its reasons for the denial as required by R.C. 2953.73(D) and instead merely stated in the judgment entry that`defendant's application for DNA testing is denied.'" *Page 4 
 {¶ 7} Bragg further maintained that "[t]he trial court erred by denying defendant's application for DNA testing without requiring the state to exercise reasonable diligence in locating the biological material, by relying upon the states [sic] unsupported brief in opposition, and not requiring a report as mandated by R.C. 2953.76 after consulting with the testing authority."
 {¶ 8} On December 18, 2006, the trial court denied Bragg's motion for relief from judgment without opinion.
 {¶ 9} It is from this judgment Bragg timely appeals and raises one assignment of error for our review.
 {¶ 10} "[1.] The trial court abused its discretion and erred to the prejudice of appellant when it denied appellant's motion for relief of judgment."
 {¶ 11} Bragg maintains that the trial court's December 16, 2004 judgment denying his application for DNA testing should be vacated because of multiple errors committed by the trial court. However, Bragg should have raised these arguments through a direct appeal. Although Bragg filed a notice of appeal of the trial court's judgment denying his aplication, this court dismissed it due to Bragg's failure to file a praecipe. Bragg did not attempt to correct his mistake or move for leave to file a delayed appeal as permitted under App.R. 5.
 {¶ 12} It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal. See State v. Keister, 5th Dist. No. 2006-CA-00085, 2006-Ohio-4440, at_18; State v. Felder, 10th Dist. Nos. 07AP-148, 07AP-149, and 07AP-150, 2007-Ohio-4595, at_9;State v. Mootispaw, 4th Dist. No. 00CA22, 2000 Ohio App. *Page 5 
LEXIS 6310, at 4-5; and State v. Hagler, 2d Dist. No. 2006CA30,2007-Ohio-433, at_11-17.
 {¶ 13} Absent some "extraordinary circumstance," a Civ.R. 60(B) motion cannot be used as a substitute for a failed attempt to appeal. Crim v.Adult Parole Auth. (Sept. 10, 1997), 9th Dist. No. 96CA006602, 1997 Ohio App. LEXIS 4120, at 5. `"It would violate the purpose of [Civ.R. 60(B)] to allow it to substitute for appeal or be used to circumvent the policy of App. R. 4(A) establishing an appeal period of thirty days.'" (Emphasis sic.) Id., quoting Bosco v. Euclid (1974), 38 Ohio App.2d 40,44.
 {¶ 14} Bragg does not provide any "extraordinary circumstances" justifying his failure to file a praecipe as required under App.R. 9 with his notice of appeal. Nor did Bragg seek to correct his failed attempt to appeal or move for a delayed appeal subsequent to this court's dismissal of his first attempt. Thus, this court will not permit Bragg to take a "second bite of the apple" by attempting to resurrect his failed appeal by way of a Civ.R. 60(B) motion.
 {¶ 15} Even if Bragg had timely appealed, this court would still affirm the trial court's denial of his Civ.R. 60(B)(5) motion.
 {¶ 16} The Ohio Supreme Court set forth three criteria for a Civ.R. 60(B) motion in GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146. The criteria are: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under Civil Rule 60(B)(1) through (5); and (3) a motion made within a reasonable time. Id. at 150. *Page 6 
 {¶ 17} The determination as to whether sufficient operative facts were demonstrated to justify granting a Civ.R. 60(B) motion is left to the discretion of the trial court. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 12. "The term`abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. (Citations omitted.)
 {¶ 18} Civ.R. 60(B)(5), which Bragg asserts, is a catch-all provision. It provides that relief from judgment may be granted for "any other reason justifying relief from judgment." Although a Civ.R. 60(B)(5) does not have to be filed within a specified time period, it still must be filed within a "reasonable time." GTE Automatic, supra, at 150.
 {¶ 19} Bragg did not move for relief from judgment until nearly two years after the trial court denied his DNA application. His only explanation for the delay is that he did not fully understand the mandates of the applicable postconviction DNA testing statutes, R.C.2953.71 to 2953.83, until the General Assembly passed Am. Sub. S.B. 262, which became effective as law on July 11, 2006. Bragg maintains that "[i]t would be unreasonable for this Court to expect a layman such as the Appellant to be able to interpret the language of these statutes, when the court's [sic] themselves were experiencing difficulties." We disagree.
 {¶ 20} The mandated provisions that Bragg argues the trial court did not comply with were not amended under Am. Sub. S.B. 262. Bragg first complains that the trial court did not comply with R.C. 2953.73(D) when it summarily denied his *Page 7 
application without giving its reasons for the denial. This provision, however, was unchanged by Am. Sub. S.B. 262. The trial court was required to give its reasons for acceptance or rejection prior to theamendments made in Am. Sub. S.B. 262.
 {¶ 21} Bragg further contends that the trial court did not comply with the mandates of R.C. 2953.74(C) and R.C. 2953.76 because the trial court did not consider the applicable criteria before denying his application. Specifically, he maintains that the state never consulted with a "testing authority" or prepared a comprehensive report. However, the requirements set forth in these sections were also unchanged by Am. Sub. S.B. 262. They remain as they did when the postconviction DNA testing statutes were first enacted in October 2003.
 {¶ 22} Bragg himself argues that the trial court did not follow the mandates of the DNA testing statutes as "set forth in bothprior and present renditions of these statutes." (Emphasis added.) Therefore, Bragg's contention that he filed his Civ.R. 60(B) motion "within a reasonable time from the clarification of the General Assembly" has no merit. Bragg has not set forth a reasonable explanation as to why he waited nearly two years to file for relief from judgment.
 {¶ 23} Some courts, including this court in State v. Briscoe, 8th Dist. No. 83471, 2004-Ohio-4096, have construed a Civ.R. 60(B) motion filed subsequent to a direct appeal to be a petition for postconviction relief. However, since Bragg did not appeal the judgment that he sought to be vacated (albeit because of his procedural error) — the trial court's denial of this DNA application — we will not do so here. *Page 8 
 {¶ 24} We note that this issue; i.e., whether a Civ.R. 60(B) motion may be recast as a petition for postconviction relief under R.C.2953.21, is presently before the Supreme Court of Ohio upon a certified conflict.[2] Cf. State v. Schlee, 111 Ohio St.3d 1429, 2006-Ohio-5351; with State v. Schlee, 11th Dist. No. 2005-L-105, 2006-Ohio-3208, andState v. Lehrfeld, 4th Dist. No. C-030390, 2004-Ohio-2277.
 {¶ 25} Accordingly, Bragg's sole assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS;
ANN DYKE, P.J., CONCURS IN JUDGMENT ONLY
[1] On January 21, 2005, Bragg filed a Notice of Appeal of the trial court's December 16, 2004 judgment, however, this court sua sponte dismissed the appeal for failure to file a praecipe in accordance with App.R. 9(B).
[2] The Supreme Court heard oral arguments in this case on August 14, 2007. *Page 1