JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Michelle Early, brings this appeal challenging the trial court's denial of her Civ. R. 60(B)(5) motion. After a review of the record, and for the reasons set forth below, we affirm.
 {¶ 3} Appellant was indicted on December 19, 2000 by the Cuyahoga County Grand Jury on one count of intimidation, in violation of R.C. 2921.04, [1] and one count of retaliation, in violation of R.C. 2921.05. The charges stemmed from an alleged altercation between appellant and a bond information clerk. A jury trial commenced on October 18, 2001. The jury found appellant guilty of intimidation, and the state dismissed the retaliation charge. The trial court sentenced appellant to three years community control sanctions, to follow time already served by appellant.
 {¶ 4} In June 2002, appellant appealed her conviction to this court. While her appeal was pending, appellant violated her probation, and she was sentenced to two years in prison. While she was serving her sentence, this court dismissed the judgment and vacated her conviction, sentence, and probation; *Page 4 
appellant was discharged from prison. See State v. Earley (Mar. 7, 2003), Cuyahoga App. No. 81482.
 {¶ 5} In its opinion, this court stated: "In order to be found guilty of the charge of intimidation as indicted pursuant to R.C. 2921.04, the State was required to prove that the appellant intimidated or hindered [the clerk] `in the filing or prosecution of criminal charges.' * * * There is no evidence that criminal charges were filed or prosecuted * * * in this regard. Thus, the State failed to prove one of the essential elements of intimidation pursuant to R.C. 2921.04(A) or (B)." Id.
 {¶ 6} This court also stated in a footnote in its opinion that the indictment did not mirror R.C. 2921.04, but more closely resembled R.C. 2921.03, which does not contain the element "filing or prosecution of criminal charges." Id. at fn. 1.
 {¶ 7} On May 3, 2004, appellant filed a civil action against the State of Ohio for wrongful imprisonment, pursuant to R.C. 2743.48(A).[2] She filed similar *Page 5 
actions in both the common pleas court and the court of claims. The court of claims dismissed appellant's complaint for lack of jurisdiction.
 {¶ 8} On February 1, 2005, the common pleas court found in favor of the State of Ohio and against appellant. In its judgment entry, the trial court stated: "Based upon review of the briefs and exhibits submitted by the parties, the Court determines that Plaintiff, while satisfying the requirements of O.R.C. 2743.48(A)(1-4), has not affirmatively established her innocence under O.R.C. 2743.48(A)(5). Plaintiff has failed to demonstrate that she was not engaging in other criminal conduct arising out of the incident for which she was originally charged. Gover v. State (1993), 67 Ohio St. 3d 93." See Judgment Entry, Feb.1, 2005, CV-04-529157.
 {¶ 9} On January 16, 2008, appellant filed a motion to vacate the February 1, 2005 order, pursuant to Civ. R. 60(B)(5). On March 5, 2008, the trial court denied her motion. Appellant filed this timely appeal.
 Review and Analysis {¶ 10} Appellant brings this appeal, asserting one assignment of error for our review. *Page 6 
 {¶ 11} "I. The trial court erred in denying plaintiff-appellant's motion to vacate prior final judgment pursuant to Civ. R. 60(B)(5) because a genuine basis justifying relief from judgment exists."
 {¶ 12} Appellant argues that she is entitled to relief because her conviction was based on insufficient evidence; therefore, the trial court erred in determining that she was not wrongfully imprisoned when there are no set of facts that could have lawfully resulted in a conviction for intimidation. While we may agree with appellant on the merits of her case, [3] we affirm the trial court's decision because appellant's Civ. R. 60(B)(5) motion was not timely filed.
 {¶ 13} "In an appeal from a Civ. R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion."State ex rel. Russo v. Deters, 80 Ohio St.3d 152, 153, 1997-Ohio-351,684 N.E.2d 1237. "To prevail on a motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the *Page 7 
judgment, order, or proceeding was entered or taken." GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 14} "It is well established that a Civ. R. 60(B) motion cannot be used as a substitute for a timely appeal." State v. Bragg, Cuyahoga App. No. 89237, 2008-Ohio-683. "It would violate the purpose of [Civ. R. 60(B)] to allow it to substitute for appeal or be used to circumvent the policy of App. R. 4(A) establishing an appeal period of thirty days." Id.
 {¶ 15} Pursuant to Civ. R. 60(B)(5), appellant was required to file her motion within a reasonable time. Appellant filed her Civ. R. 60(B)(5) motion nearly three years after the trial court entered final judgment against her on her wrongful imprisonment claim. We do not find that period of time reasonable, despite appellant's argument that she was not represented by counsel at the time. She argues that she could not afford to retain counsel between the trial court's February 1, 2005 order and the filing of her motion in January 2008.
 {¶ 16} Under R.C. 2743.48(E)(2), appellant is entitled to recover reasonable attorney's fees; therefore, we are not persuaded by her claim of indigency. Since appellant offers no other plausible reason why she waited so long to challenge the trial court's determination, we overrule her sole assignment of error. Challenging the decision of the trial court in this case was best done by direct appeal, which appellant failed to do. *Page 8 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] R.C. 2921.04 states in pertinent part: "(A) No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness.
"(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
[2] R.C. 2743.48(A) provides in pertinent part: "(A) As used in this section, a `wrongfully imprisoned individual' means an individual who satisfies each of the following: (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony. (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony. (3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty. (4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction. (5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser included offenses, either was not committed by him or was not committed by any person."
[3] We disagree with the trial court that appellant failed to prove all elements under R.C. 2743.48(A) because we believe appellant demonstrated that she was innocent of the crime of intimidation as charged under R.C. 2921.04. We cannot agree with the state that this court's comment in a footnote that the indictment more closely resembles an altogether separate criminal code section has any bearing on or is dispositive of appellant's civil case for wrongful imprisonment. *Page 1